## SMACK *v.* JACKSON, ET AL.

[No. 190, September Term, 1964.]

*Decided March 8, 1965.*

Submitted to PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

Submitted on brief by *William G. Kerbin, Jr.* and *Henry P. Walters* for appellant.

Submitted on brief by *W. Ross Hockersmith* for appellees.

HORNEY, J., delivered the opinion of the Court.

Pursuant to Code (1957), Art. 66C, § 708(a)—wherein it is provided that land beneath the waters of the State may be leased for the purpose, among others, of cultivating oysters or shell fish—the appellant sought to lease an area in Chincoteague (on Sinepuxent) Bay for the cultivation of oysters. The appellees, protesting the issuance of the lease, brought this action contending that the area in question was a natural clam bar and therefore not leaseable under § 708(b).

Article 66C of the Code (1964 Cum. Supp.), § 708(c), provides that natural oyster or clam bars shall be construed to mean and include all oyster or clam beds or bars wherein the natural growth of oysters or clams is of such abundance that the public have resorted thereto for a livelihood either continuously or at intervals within a five year period.

The appellees produced several watermen who testified they had worked in the area which is the subject of this controversy on windy days or when weather conditions were otherwise unfavorable for work in the open bay. On such occasions they had caught from 200 to 300 clams per hour. The appellant, on the other hand, undertook to show that there was a scarcity of clams in the area and that the clammers who resided in the neighborhood used the area only at intervals of no more than once or twice a year during the five year period preceeding the application for the lease.

At the close of the whole case, the trial court denied the motion of the appellant for a directed verdict and submitted the twin issue concerning the abundance of clams in the bed or bar and the use of the area by the public for a livelihood to the jury on appropriate instructions to which no objection was made. The jury found a verdict for the appellees and the court entered the judgment for costs from which this appeal was taken. The question presented by the record is whether or not the

lower court erred in refusing to grant the motion for a directed verdict in favor of the appellant.

In this case, where there was a conflict in the evidence as to whether the area sought to be leased was or was not a natural clam bar within the meaning of the statute, we agree with the lower court that the question was one of fact for the jury to decide. Under Maryland Rule 552 a, a party is not entitled to a directed verdict in his favor unless the facts and circumstances are such as to permit of only one inference with regard to the issue presented. *Dunnill v. Bloomberg*, 228 Md. 230, 179 A. 2d 371 (1962); *Garozynski v. Daniel*, 190 Md. 1, 57 A. 2d 339 (1948). That was not the situation here. Instead, although there was some legally sufficient evidence to support the claim of the appellant that the area in question was not a natural clam bar, there was other competent and pertinent evidence that was also legally sufficient to prove that the disputed area was a natural clam bar. Under the circumstances, it would have been improper to grant a directed verdict in favor of the applicant. *Lenehan v. Nicholson*, 214 Md. 414, 135 A. 2d 447 (1957); *Old Colony Ins. Co. v. Moskios*, 209 Md. 162, 120 A. 2d 678 (1956).

The two cases cited by the appellant to support his contention that a directed verdict should have been granted in his favor are clearly distinguishable on the facts. In *Department of Tidewater Fisheries v. Catlin*, 196 Md. 530, 77 A. 2d 131 (1950), where it was held that the area in dispute was not subject to the restriction against leasing, there was no evidence whatsoever (other than the testimony of dredgers, who had never tonged in the area, that they had occasionally seen some people oystering in the vicinity) that any oysters had been taken from the area sought to be leased within the prescribed statutory period. Here, however, there was evidence that clams had been taken at intervals from the disputed area in sufficient quantity to contribute to the livelihood of those who had worked the bed or bar within a five year period preceding the application for the lease. In *Popham v. Conservation Commission*, 186 Md. 62, 46 A. 2d 184 (1946), where certain areas that had been classified as natural oyster bars had become so depleted as to be useless to the public, it was held that it was proper to

lease those areas which had been resurveyed and reclassified as barren bottoms. Here, although there was evidence of the scarcity of clams, the Department of Tidewater Fisheries had not undertaken to resurvey or reclassify the bottom in the vicinity of the lease applied for by the appellant.

For the reasons stated, the judgment will be affirmed.

*Judgment affirmed; appellant to pay the costs.*