## MONTGOMERY v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 93, September Term, 1965.]

*Decided November 17, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

PER CURIAM.

By an order of the Criminal Court of Baltimore (Meyer M. Cardin, Judge) dated May 19, 1965, the applicant after a hearing before a jury was found still to be a defective delinquent and was recommitted to Patuxent Institution. From the order, he brings this application for leave to appeal.

Montgomery was convicted of larceny on April 29, 1960, in the Criminal Court of Baltimore, and was sentenced to a term of four years. On February 11, 1963, he was found to be a defective delinquent and was committed to Patuxent Institution. After two years he petitioned for redetermination and was given the hearing which resulted in the recommitment order.

The applicant raises the following contentions with regard to his recommitment hearing:

1. That there was no admissible evidence legally sufficient to support the finding of defective delinquency.

2. That the only evidence on behalf of the State was the testimony of Dr. Boslow, who testified on the basis of reports of others who were not present in the courtroom and not subject to cross-examination.

3. That overwhelming testimony was produced indicating that the applicant was no longer a defective delinquent.

4. That the applicant has served more than the four-year prison term originally imposed on him.

Taking the applicant's contentions somewhat out of order, his second contention has often been rejected. This Court has frequently held that Dr. Boslow's testimony is not inadmissible because it relies in part on the reports of other members of his staff. *Murel v. Director,* 240 Md. 258 (1965); *Gilliard v. Director,* 237 Md. 661 (1965). The applicant had the right to summon any of the persons whose names appear on such reports. *Blakney v. Director,* 239 Md. 704 (1965). There is no valid constitutional objection to the lack of cross-examination. *Director v. Daniels,* 243 Md. 16 (1966).

In light of the admissibility of Dr. Boslow's testimony, the applicant's first contention also must fail. The testimony by Dr. Boslow based in part on the Patuxent diagnosis and evaluation, recommending Montgomery as a defective delinquent, con-

stitutes legally sufficient evidence to support the verdict of the jury. *Washington v. Director,* 237 Md. 311 (1965).

The applicant's third contention deals solely with the weight of the evidence, and must fail in light of our holding that there was legally sufficient evidence to support the verdict of the jury.

With regard to the applicant's fourth contention, it is wholly immaterial that the term of his original criminal sentence has expired, since his confinement at Patuxent Institution is without maximum or minimum limits. See Code (1965 Supp.), Art. 31B, § 9 (b).

*Application denied.*