## GRAY *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 101, September Term, 1965.]

*Decided December 16, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

HAMMOND, C. J., delivered the opinion of the Court.

This is an application for leave to appeal by William Gray from a September 29, 1965 order of the Criminal Court of Baltimore, Judge Meyer M. Cardin sitting with a jury, finding that Gray is still a defective delinquent and recommitting him to the Patuxent Institution.

Gray was convicted of burglary on November 16, 1961, in the Criminal Court of Baltimore, and was sentenced to a term of not more than two years. On the same day, he was referred to Patuxent Institution. On September 11, 1962, he was found to be a defective delinquent and was committed to the Institution. Two years thereafter he petitioned for redetermination. After one jury was unable to agree, a second jury found Gray still to be a defective delinquent.

The applicant raises the following contentions with regard to his recommitment:

1. That the evidence was insufficient to support the jury's finding of defective delinquency.

2. That the finding was against the weight of the evidence.

3. That the applicant's testimony indicated that he was ready to reenter society.

4. That the only testimony produced by the State was that of Dr. Harold Boslow, who testified from reports of others.

5. That the court improperly allowed Dr. Boslow to testify about the juvenile record of the applicant.

6. That the State was allowed to produce testimony concerning the applicant's prior juvenile record where the applicant was adjudged to have been a juvenile delinquent without the benefit of an attorney.

7. That the court had no jurisdiction because the applicant's sentence had expired.

8. That the psychological tests administered and relied on were not shown to be valid and reliable.

9. That Art. 31B is unconstitutional as applied to the defendant because he is confined on the basis of his male sex and females are not so confined.

10. That Art. 31B as a whole is unconstitutional, particularly in that it is in fact in many respects criminal without criminal safeguards.

11. That the court refused to require Dr. Boslow and the State to answer certain interrogatories.

12. That the court allowed the State's Attorney to comment to the jury that the defendant failed to produce a psychiatrist or psychiatric report at the trial.

13. That the court failed to rule favorably upon motions raised by the defendant before trial.

14. That Dr. Boslow was allowed to read a contradictory Interval Note to the jury.

15. That the Interval Note was not given to counsel for the defendant until the morning of the trial.

16. That there was no opportunity provided for the defendant and counsel to confer privately and intimately.

17. That the verdict of defective delinquency is invalid because the jury that rendered the verdict was illegally constituted.

First examining applicant's fourth contention, we reiterate that Dr. Boslow's testimony is not inadmissible because it relies in part on the reports of other members of his staff. *Murel v. Director,* 240 Md. 258 (1965) ; *Gilliard v. Director,* 237 Md. 661 (1965). The applicant had the right to summon any of the persons whose names appear on such reports. *Blakney v. Director,* 239 Md. 704 (1965). There is no valid constitutional

objection to the lack of cross-examination or confrontation. *Director v. Daniels,* 243 Md. 16 (1966).

In light of the admissibility of Dr. Boslow's testimony, the applicant's first contention also must fail. Dr. Boslow's testimony, based in part on the reports and recommendations of the staff of the Patuxent Institution, constitutes legally sufficient evidence to support the verdict of the jury. *Washington v. Director,* 237 Md. 311 (1965); *Montgomery v. Director,* 244 Md. 700 (1966).

Applicant's second and third contentions both go to the weight of the evidence. See *Silvestri v. Director,* 234 Md. 641 (1964). These contentions fail in light of our holding that there was legally sufficient evidence to support the verdict of the jury. In a jury case in which there is legally sufficient evidence to support the jury verdict, the Court will not inquire into the weight of the evidence. *Montgomery v. Director, supra.*

With regard to the applicant's fifth and sixth contentions, all evidence of prior antisocial behavior is relevant. Article 26, § 61, which provides that adjudication of the status of a child in a juvenile cause shall not operate to impose any civil disabilities and that the child shall not be deemed a criminal by reason of such adjudication, is no bar to the consideration of the juvenile record in evaluating the individual's antisocial tendencies and status as a defective delinquent. *Rice v. Director,* 238 Md. 137 (1965); *Bullock v. Director,* 231 Md. 629 (1963). Alleged defects in earlier closed proceedings cannot be considered on this appeal.

The expiration of the defendant's original criminal sentence in no wise deprives the lower court of jurisdiction to redetermine the applicant's status as a defective delinquent. Code (1965 Supp.), Art. 31B, § 9 (b), provides that when the applicant is first adjudged to be a defective delinquent he is committed for an indeterminate period without either maximum or minimum limits. When the applicant thereafter exercises the redetermination right given him by § 10 of Art. 31B, he cannot claim that the court no longer has jurisdiction, as the applicant here asserts in his seventh contention.

The applicant's eighth contention goes to the weight of the evidence, which in a jury case will not now be reviewed in light

of the sufficiency of the evidence. *Montgomery v. Director, supra.* It was available to the applicant to call staff members from Patuxent to impeach the tests.

The applicant's contention that Art. 31B is unconstitutional because it applies only to males has recently been answered. *Chambers v. Director,* 244 Md. 697 (1966). His tenth contention, that Art. 31B as a whole is unconstitutional, has also been fully answered in *Director v. Daniels,* 243 Md. 16 (1966). This case also supports the judge's ruling on constitutionality to which objection is made in the thirteenth contention.

The interrogatory answers are next attacked by the applicant. It should be noted that the State did answer all of the interrogatories except one, which it claimed was ambiguous and outside the scope of its knowledge. With regard to this one interrogatory, we cannot say that the trial judge erred in agreeing with the State. With regard to the other interrogatories, we find satisfactory the State's answers that the information requested was available to counsel at Patuxent during the normal working hours of the Institution—pursuant to § 8 (b) of Art. 31B.

Applicant's twelfth contention asserts that it was improper for the court to allow the State's Attorney to comment to the jury on the applicant's failure to produce the report of the psychiatrist who was afforded him at State expense. We have already held that such a comment under similar circumstances is proper in a defective delinquency proceeding. *Hoverter v. Director,* 231 Md. 608 (1963).

The fourteenth assertion pertains to the weight of the evidence and, as stated with regard to the eighth contention, here fails.

We have previously rejected the fifteenth contention. Section 8 (b) of Art. 31B merely gives applicant's counsel a right to a copy of the Interval Note. No date is set for when it must be received. No earlier request by counsel for the Note was denied. *Caplin v. Director,* 244 Md. 103. In any event, in the absence of a showing that the point was raised below, we have held that this contention fails. *Elliott v. Director,* 232 Md. 615 (1963).

The sixteenth contention fails for lack of an objection be-

low, and because it has not been suggested how the size of the room used by counsel and his client for conferences or the presence there of a guard prejudiced or otherwise affected the verdict of the jury.

Finally, the applicant's last contention recently has been decided adversely in *Mastromarino v. Director,* 244 Md. 645 (1966).

*Application denied.*