## ALFRED LEE BOITNOTT *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 37, Initial Term, 1967.]

*Decided February 9, 1967.*

Before Anderson, Morton, Orth and Thompson, JJ.

Morton, J., delivered the opinion of the Court.

12

This is an application for leave to appeal from an Order of the Circuit Court for Prince George's County, Judge Samuel W. H. Meloy, sitting with a jury, dated May 3, 1966, finding that the applicant was still a defective delinquent and recommitting him to Patuxent Institution under the provisions of the Maryland Defective Delinquent Act, Code, Article 31B (1966 Supp.).

Applicant alleges, through court appointed counsel, that the trial judge erred in allowing into evidence at the redetermination hearing the testimony of Dr. Vasconcellos (the institutional psychiatrist) concerning a telephone conversation he had with a Mrs. Rentz. While applicant does not provide any particulars as to the precise error upon which he relies by reason of the admission of this testimony, other than to assert that it was not part of the medical record, we have nevertheless reviewed the transcript of the hearing and have ascertained from the testimony that Mrs. Rentz phoned Dr. Vasconcellos on February 10, 1966 for the purpose of verifying certain statements that the applicant had allegedly made to her concerning his background. Dr. Vasconcellos testified that he made a note of the telephone conversation for inclusion in the applicant's institutional record, since the information elicited during the conversation had a bearing on applicant's diagnosis and mental status. While applicant objected to Dr. Vasconcellos reading the note to the jury (presumably on hearsay grounds), he thereafter expressly declined to make any objection to the introduction into evidence of the institutional record which, as he knew, included the Rentz note. Clearly, the Rentz note was a part of the institutional record pertaining to applicant's status as a defective delinquent and, as such, it was properly in evidence. *Schlatter v. Director,* 238 Md. 132, 207 A. 2d 653 (1965); *Pierson v. Director,* 235 Md. 654, 202 A. 2d 644 (1964); *Pence v. Director,* 235 Md. 651, 201 A. 2d 834 (1964); *Purks v. State,* 226 Md. 43, 171 A. 2d 726 (1961).

Applicant further contends that he cannot receive from the Patuxent Institution care and treatment that would rehabilitate him * * *, and that to continue his confinement under these circumstances would be cruel and unjust. Virtually the same contention was made and rejected in *Barnes v. Director,* 240

Md. 32, 212 A. 2d 465 (1965). There, the court held that it is not unconstitutional to keep a defective delinquent confined as long as he would be a serious threat to society if he were at large. More specifically, the court said, (at p. 35) :

> "Code (1964 Supp.), Art. 31B, Secs. 1-19, make clear that the Legislature intended that one who came within the definition of a defective delinquent must remain incarcerated until his demonstrated 'persistent aggravated antisocial or criminal behavior,' caused by mental deficiency or emotional unbalance or both and constituting an actual danger to society was not, by reason of passage of time or treatment or both, likely to reoccur and, therefore, his release was 'reasonably safe for society' (Sec. 5). Improvement was to be sought by psychiatric and psychological treatment but it was recognized that the treatment might be ineffective and the key to release was made the ability of the detained man to live in reasonable compatibility with his fellow man. See *Eggleston v. State,* 209 Md. 504, 515. 'The extent of detention depends primarily in each case upon medical findings as to diagnosis and prognosis * * *.' That the detention of one who would be an actual danger to society if at large may be for an indefinite time, perhaps for life, does not make it unconstitutional. *Eggleston v. State,* supra; *Meredith v. Director,* 226 Md. 653, 656, citing *Kemmerer v. Benson,* 165 F. 2d 702, cert. den. 334 U. S. 849, approving indefinite confinement of a sexual psychopath; *Carlesi v. New York,* 233 U. S. 51, 58 L. Ed. 843; *Graham v. West Virginia,* 224 U. S. 616, 56 L. Ed. 917, upholding the indefinite confinement of habitual criminals; and *Simmons v. Director,* 231 Md. 618. See also *Salinger v. Superintendent,* 206 Md. 623, and *Sas v. State of Maryland* (4th Cir.), 334 F. 2d 506."

The court's holding in *Barnes* was reaffirmed in *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1966), cert. den., *Avey v. Boslow,* 385 U. S. 940, 17 L. Ed. 2d 219 (1966).

*Application denied.*