## DONALD F. DOXZEN *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 79, September Term, 1967.]

*Decided March 21, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of March 1, 1967, by Judge Joseph R. Byrnes, sitting in the Criminal Court of Baltimore, redetermining that applicant is a defective delinquent as defined by Md. Code (1967 Repl. Vol.), Art. 31B, § 5.

Applicant was convicted of assault and sentenced to one year in the Maryland House of Correction on October 3, 1960, and sent to Patuxent Institution for examination. Subsequently, he was found to be a defective delinquent on October 13, 1961, and confined to Patuxent Institution. He was redetermined to be a defective delinquent on February 24, 1964, and was recommitted to Patuxent. He filed his second petition for a redetermination of his status on January 20, 1967.

In this application for leave to appeal, filed by his attorney, the applicant raises the following objections:

(1) "That there was no evidence legally sufficient produced by the State for finding by the Court that Donald Doxzen was a Defective Delinquent."

(2) "That the only testimony that the State produced was that of Dr. Harold Boslow, who testified from reports made by others at the Patuxent Institution that the defendant was a defective delinquent; that many of the records were prepared by unqualified persons, not psychiatrists or psychologists, but social workers, etc."

(3) "That the frequent examinations as specified under the Act were not conducted, either actual or visual examinations."

(4) "That the original sentence of one (1) year imposed on Doxzen has long since expired, but he is still detained at the Patuxent Institution."

In the memorandum in support of the application for leave to appeal, this additional contention is raised:

(5) "The Defendant seeks an appeal on the theory that there was a failure of the Institution to provide any recent psychiatric treatment; that he is being incarcerated at Patuxent in the same manner as any prisoner at Maryland House of Correction, where the defendant was originally sentenced to one (1) year."

In regard to the first and second contentions, they will afford the applicant no relief as the testimony of Dr. Boslow, the Director of Patuxent Institution, constitutes legally sufficient evidence to support a finding of defective delinquency. The fact that Dr. Boslow may have relied upon the reports of other members of his staff does not make his testimony inadmissible. *Murel v. Director,* 240 Md. 258; *Gilliard v. Director,* 237 Md. 661. The applicant had the right to summon any of the persons whose names appeared on these reports. *Blakney v. Director,* 239 Md. 704.

In regard to that part of the second contention which states that many of the reports were prepared by unqualified persons, we note that the principal report relied upon by Dr. Boslow is an Interval Note, dated February 28, 1967. This is signed by Doctor Boslow, the Director of Patuxent Institution, another doctor, a psychiatrist and a psychologist. Applicant does not substantiate his allegation by naming the reports to which he objects. The proper place to have raised this objection was at the applicant's hearing, and not here, for the first time.

The third allegation, that frequent examinations were not conducted, is another bald allegation, without any attempt to show specifically what applicant means, or how this has prejudiced him. Thus, it must be dismissed. See *McCoy v. Warden,* 1 Md. App. 108.

The fourth contention, that applicant's original sentence has expired, is merely a statement of fact without any attempt to show a violation of applicant's rights. Moreover, since the Maryland Defective Delinquency Act has been held to be constitutional, *Director v. Daniels,* 243 Md. 16, the applicant is thus being held under a law which is constitutional on its face.

The fifth contention is apparently based on the recommendation of Dr. Philip F. Lerner, a court appointed psychiatrist, that applicant would in his opinion, benefit more from treatment at Rosewood State Hospital than continued treatment at Patuxent Institution. Dr. Harold M. Boslow, also a psychiatrist and Director of the Patuxent Institution, recommended that he be continued at Patuxent. We cannot say that the fact that the trial court accepted Dr. Boslow's recommendation was erroneous, especially when the applicant's history shows that he benefited very little, if any, from a previous seven years of treatment at Rosewood. Both psychiatrists agreed that he was a defective delinquent within the meaning of the Statute at the time of the trial, and the report of Dr. Boslow stated specifically that he was a threat to society. The record shows affirmatively that he is being given the benefit of an educational program and group therapy.

*Application denied.*