WILLIAM LEIGHTON McDONOUGH *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 47, September Term, 1967.]

*Decided April 4, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

Applicant was convicted of five separate charges of assault and battery, and one charge each of malicious destruction of property, resisting arrest, and disorderly conduct by a trial magistrate in Baltimore County on April 6, 1959. From these convictions, applicant, with aid of counsel, filed an order for appeal to the "Criminal Court of Baltimore County." On August 5, 1960, before a jury, with Judge John Grason Turnbull presiding, the jury returned verdicts of guilty in all eight cases.

Applicant was sentenced to two years in the Maryland House of Correction on one of the assault charges, sentence being suspended on all other charges. Subsequently, on January 17, 1962, he was found to be a defective delinquent and committed to Patuxent Institution pursuant to Section 5 of Article 31B of the Maryland Code. He applied for leave to appeal from this determination, but his application was denied by the Court of Appeals on July 25, 1962. See *McDonough v. Director,* 229 Md. 626.

On November 18, 1964, applicant filed a petition for a redetermination as to whether he was still a defective delinquent. A hearing was held on June 30, 1965 and on February 14, 1967, he was again found to be a defective delinquent by Judge Walter M. Jenifer in the Circuit Court for Baltimore County, sitting without a jury.[1] After he was recommitted to Patuxent Institution, he filed an application for leave to appeal and a memorandum in support thereof. His court-appointed attorney filed a supplemental brief on his behalf. A transcript of the redetermination proceedings before Judge Jenifer has been obtained and a copy made available to the applicant.

The applicant raises 135 contentions in his application for leave to appeal, most of which relate, in one way or another, to the sufficiency of the evidence adduced at his original and redetermination hearings to support his adjudication and confinement as a defective delinquent. We do not, of course, consider on this application the sufficiency of the evidence offered to support his original confinement as a defective delinquent, that issue having been foreclosed in *McDonough v. Director, supra.* The redetermination hearing now in question was held before the court sitting without a jury, so that the judgment of the lower court will not be set aside on the evidence unless clearly erroneous. See *Johns v. Director,* 239 Md. 411. A review of the evidence clearly indicates that the lower court's finding that applicant was still a defective delinquent was not clearly erroneous.

---

1. A decision on applicant's petition for redetermination was delayed with his concurrence pending the decision in the related case of *Director v. Daniels,* 243 Md. 16. That case was decided by the Court of Appeals on June 3, 1966.

Applicant advances a number of contentions which were not raised at the redetermination hearing and, accordingly, they are not properly before us for consideration. See *Wise v. Director,* 1 Md. App. 418.

Numerous of the contentions raised by applicant in his present application were previously raised at the time of his original hearing to determine his status as a defective delinquent and were adjudicated against him by the lower court and ultimately by the Court of Appeals in *McDonough v. Director, supra.* And many of the contentions now sought to be raised have been decided adversely to applicant in *Director v. Daniels, supra.* Other contentions advanced by the applicant are such as defy intelligent grouping and some do not clearly appear to have been raised below. Applicant contends, for example, that the redetermination hearing judge was senile, that his counsel at the hearing was incompetent, that the examining psychiatrists at Patuxent Institution were not licensed physicians in Maryland,[2] that he did not have his counsel present during the examination conducted by Patuxent doctors,[3] that the doctors were prejudiced against him, that he is innocent of the criminal charges forming the foundation of his commitment to Patuxent Institution and has new evidence that he didn't commit these crimes, that he was entrapped, that he was denied a speedy trial, that he was unlawfully placed in solitary confinement at the Institution, that he was subjected to cruel and unusual punishment, that evidence used against him was suppressed, and that he was unable to effectively utilize the discovery procedures available to him under the Maryland Rules of Procedure. On the record before us, we find no merit to any of these contentions. Several contentions advanced by applicant merit special attention, i.e.:

1. That the procedure below was defective because the Patuxent Institution staff failed to file a report with the court.
2. That applicant was improperly committed to Patuxent Institution because his original commitment thereto was based on convictions before the trial magistrate court which were subsequently affirmed by the circuit court.

2. See *Crews v. Director,* 245 Md. 174.
3. See *Blann v. Director,* 235 Md. 661.

Applicant submits he has been denied equal protection under the Fourteenth Amendment, not having been provided with a complete report as to the facts which led the State to believe he is a defective delinquent. However, applicant concedes that Article 31B, Section 10, entitled "Petition for Review," is silent as to whether a report must be filed in a redetermination proceeding.

The testimony provided by Dr. Croce, Dr. Manne and the applicant, in the lower court hearing, is in agreement that applicant refused to cooperate in allowing the staff at the Institution to examine him. It is clear that a person cannot complain of an action, or inaction, of others when he is the cause of the delay that ensues. *State v. Musgrove,* 241 Md. 521; *State v. Murdock,* 235 Md. 116; *Harris v. State,* 194 Md. 288. We fully concur with Judge Jenifer's thorough memorandum opinion accompanying his order, in which he states:

> "If, however, the filing of such interval note was precluded by the action, or inaction, of the Petitioner who is now seeking relief, he should not be heard to successfully complain that such interval note was not filed. The Court is of the opinion that the absence of such an interval note does not vitiate the redetermination hearing, especially in view of the fact that the complete files at Patuxent were subject to examination by the Petitioner and his counsel, and that all civil discovery procedures were available to them."

Applicant urges that he was improperly referred and committed to Patuxent Institution, because his conviction was the result of an appeal taken from a trial magistrate. This allegation necessitates a construction of Section 15 of Article 31B, which provides an exception to a case originating in the court of a magistrate, whereby a party may be brought within the purview of Article 31B. It is applied when "* * * by reason of a request for a jury trial or for other cause the case shall be heard and adjudicated in a regular criminal court." Here, applicant's cases were tried *de novo* before a jury requested by applicant and were "heard and adjudicated in a regular criminal court." The case of *Height v. State,* 225 Md. 251, is perti-

nent in its construction of Section 15. The court there noted that the language employed was "broad," "plain," and "inclusive" so as "to insure that no person's rights would be affected by the provisions of the Act, unless that person was convicted and sentenced—not by a trial magistrate or justice of the peace —but in 'a regular criminal court' of this State, * * *."

That the Circuit Court for Baltimore County was "a regular criminal court of this State," at the time of applicant's conviction on August 5, 1960 is, of course, entirely clear. Thereafter, the Judge (Turnbull, J.), after receiving a report from the court phychiatrist, exercised his prerogative under the provisions of Section 6 (b) of Article 31B to have applicant examined to determine if he was a defective delinquent.

We again observe that it is not improper to admit in evidence statements and opinions of staff members of Patuxent Institution because they were partly based on reports of others. See *Gray v. Director*, 245 Md. 80; *Murel v. Director*, 240 Md. 258. Furthermore, there is no valid constitutional objection under the circumstances of this case to the alleged lack of cross-examination or confrontation. *Director v. Daniels, supra.*

The allegation that a person must be proved "beyond a reasonable doubt" to be a defective delinquent is also void of merit. The entire proceeding is civil in nature, and thus the standard applied is "a fair preponderance of the evidence." *Sas v. Maryland*, 334 F. 2d 506 (4th Cir.).

*Application denied.*