JAMES G. McCLOSKEY *v.* DIRECTOR,
PATUXENT INSTITUTION

[No. 95, September Term, 1967.]

582

584

*Decided July 24, 1968.*

Before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

Anderson, J., delivered the opinion of the Court.

James G. McCloskey seeks leave to appeal from an order of the Circuit Court for Cecil County (George B. Rasin, Jr., J.) committing him to Patuxent Institution. A jury had redetermined that the applicant was a defective delinquent pursuant to Maryland Code (1967 Repl. Vol.), Art. 31B, § 10.

On September 19, 1958, the applicant was convicted of assault and battery in the Circuit Court for Cecil County, for which he received a term of three years in the Maryland House of Correction. Having been referred to the Patuxent Institution for examination, the applicant was subsequently found to be a defective delinquent and was committed to Patuxent. This commitment was upheld by the Court of Appeals of Maryland. *McCloskey v. Director,* 230 Md. 635.

On April 30, 1965, the applicant received a redetermination hearing at which a jury found him to still be a defective delinquent. On appeal to the Court of Appeals the case was remanded for further proceedings, i.e., a new redetermination hearing. *McCloskey v. Director,* 245 Md. 497. From this new redetermination hearing—where applicant was again found to still be a defective delinquent—the instant application for leave to appeal was filed.

In support of his application for leave to appeal, the applicant raises nineteen (19) contentions. These contentions, none of which has merit, will be considered in the order in which raised.

1. That his conviction of assault and battery did not warrant his being committed to Patuxent. Reference is made to Art. 31B, § 6, which provides that a person may be examined for possible defective delinquency upon conviction for a crime of violence. Assault and battery clearly falls within the statute. *McDonough v. Director,* 229 Md. 626.

2. That the redetermination hearing which is the subject of the instant application for leave to appeal, was improper because there is no authority under Art. 31B for the court to grant new trials. If an application for leave to appeal is granted, this Court has authority to affirm, reverse or modify the order appealed, or to remand the case for further proceedings. Maryland Code (1967 Repl. Vol.), Art. 31B, § 10.

3. That upon remand of his case for a new redetermination hearing, he should have been released because his sentence (three years) had expired. It is obvious that remand of the case served only to nullify the then most recent redetermination hearing, leaving the earlier redetermination in full force and effect. Concerning the question of release because a period of time equal to the length of his sentence had elapsed, suffice it to say that Art. 31B, § 9, provides for confinement of a defective delinquent "for an indeterminate period without either maximum or minimum limits." *Gray v. Director,* 245 Md. 80.

4. That the lower court erred by refusing to postpone his redetermination hearing until after various writs and appeals therefrom, filed in the Federal Courts, had been decided. It is within the sound discretion of the trial court to grant a postponement in defective delinquent proceedings and the trial court's ruling in this regard will not be disturbed absent a clear showing of abuse of that discretion. *Green v. Director,* 3 Md. App. 1. The instant redetermination hearing was conducted pursuant to the mandate of the Court of Appeals, and the conduct of said hearing, despite the pendency of various writs and appeals in the Federal Courts, clearly does not amount to an abuse of discretion.

5. That the lower court denied him a postponement because said court knew that his redetermination as a defective delinquent would nullify his pending rights in the Federal Courts and thereby violate his rights under the Fourteenth Amendment. This amounts to a bald allegation on the part of the applicant and is not grounds for relief. *Kroneburg v. Director,* 244 Md. 734.

6. That the lower court erred in refusing to grant him a removal. There is no constitutional or statutory authority for a right of removal in defective delinquent proceedings. *Bullock v. State,* 230 Md. 280.

7. That his constitutional rights were violated because he was denied bail pending his new redetermination hearing. Again, the applicant overlooks the fact of his adjudication as a defective delinquent, and his commitment to Patuxent for an indeterminate period without either maximum or minimum limits. Accordingly, he was not entitled to release or bail while awaiting his redetermination hearing. Moreover, there is nothing in Art. 31B which authorizes bail for a person being held at Patuxent. *Bullock v. Director,* 231 Md. 629.

8. That the lower court erred by denying the applicant's request for a pretrial conference and by denying his request to "determine" the following questions:

1) What is the State going to attempt to prove at trial. That I am a defective delinquent or that I *still* am one.

2) Whether the same evidence used to convict me of defective delinquency in September, 1962, will be admissible at this trial.

3) Whether the State will use only evidence which shows that there has been no change in my status or mental condition since my first trial and conviction for defective delinquency.

4) Whether you intend to give the State and its witnesses free rein to say whatever they please and to use any statement or report they want to.

5) Whether you intend to allow the jury (this time) to hear and consider my plea of "Not to be a Defective Delinquent by Reason of Insanity."

We find no error in the refusal of the lower court to grant the applicant's requests for such is within the discretion of the court. Maryland Rule 504.

9. That evidence used against him at his original defective delinquency hearing was improperly admitted in the redetermination hearing of June 5, 1967. Such evidence is admissible against him and his entire record is relevant. *Pence v. Director,* 235 Md. 651.

10. That the lower court erred in not requiring the State to divulge what "reports and statements" it intended to use as evidence against the applicant at the hearing of June 5, 1967. As stated in allegation No. 9, the entire record of the applicant is relevant and admissible into evidence against him. *Pence v. Director, supra.* The State, therefore, could use any and all reports contained in the applicant's record. The applicant, of course, has the right to inspect such records. *McCloskey v. Director,* 245 Md. 497.

11. That the lower court erred by refusing to require the State to furnish the applicant with information concerning efforts of the State to determine the accuracy of its reports and statements. The question of accuracy goes to the weight of the evidence and in the instant case was a matter for the jury to decide. *Gray v. Director, supra.* Of course, the applicant had the right to call staff members from Patuxent. *Brunson v. Director,* 239 Md. 128.

12. That the lower court erred in prohibiting him from cross-examining Dr. Harold M. Boslow, Director of Patuxent Institution, relative to an article written by him. The article in question was not covered in direct testimony. Ordinarily, the scope of cross-examination is a matter within the sound discretion of the trial judge and we cannot say that in this instance the restriction imposed was unsound or prejudicial to McCloskey. *Davis and Peterson v. State,* 1 Md. App. 581.

13. That the lower court erred in not allowing him to cross-examine State witnesses relative to crimes he did not commit. As in contention No. 12 we cannot say that the restriction imposed was unsound or prejudicial to the applicant.

14. That the State's witnesses perjured themselves by testifying that he was not mentally ill, i.e., insane. The applicant's

argument is not so much that the doctors perjured themselves, but that their testimony and diagnosis amounted to a showing that he was "mentally ill", "medically insane", and "insane." This is obviously a conclusion of the applicant that at most goes to the weight of the evidence and therefore was properly determined by the jury. *Gray v. Director, supra.*

15. That the lower court erred in not affording him a sanity hearing. This contention was earlier found to be without merit. *McCloskey v. Director,* 1 Md. App. 281.

16. That the presiding judge had also presided at the applicant's prior redetermination hearing which on appeal had been remanded for a new hearing, thereby prejudicing the applicant. This is a bald allegation made by the applicant that is completely without merit. In the absence of constitutional or statutory provisions to the contrary, a judge who presided at a trial of a case which is reversed or appealed and remanded for a new trial is not disqualified to retry the case. *Bd. of Med. Examiners v. Steward,* 203 Md. 574.

17. That his constitutional rights to "due process" and "equal protection" were violated because he is being imprisoned solely on the basis of a mental illness without the benefit of a sanity hearing and without legal safeguards and protections afforded in sanity hearings. This allegation is without foundation for reasons set forth in contention No. 15 and by the Court of Appeals in *McCloskey v. Director,* 245 Md. 497, 506.

18. That a proceeding under Art. 31B exposes the applicant to "infamous imprisonment" without according him the legal safeguards and protections that are available in criminal prosecutions. The procedural safeguards provided by Art. 31B avail the applicant all of the requirements of basic fairness and do not violate his right to due process. *Director v. Daniels,* 243 Md. 16. Moreover, commitment proceedings under Art. 31B afford the person involved extensive protections, and in many respects they are such protections as are afforded the accused in a criminal case. *Mastromarino v. Director,* 244 Md. 645.

19. That the State's witnesses based their diagnosis of the applicant as a defective delinquent upon his record—rather than upon psychiatric interviews, personal interviews and psycholog-

ical tests. The applicant overlooks the fact that at a redetermination hearing there need not be new facts and a new record to show antisocial conduct, but that a redetermination of defective delinquency may be made on the basis that it is not reasonably safe for society to terminate the confinement and treatment. *Creswell v. Director,* 234 Md. 620. See *Simmons v. Director,* 231 Md. 618.

*Application denied.*