HARRY LESTER LONG *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 169, September Term, 1969.]

*Decided February 10, 1970.*

628

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*William Franklin Gosnell* for applicant.

*Francis B. Burch, Attorney General,* and *Charles E. Wehland, Assistant State's Attorney for Howard County,* for respondent.

ORTH, J., delivered the opinion of the Court.

Harry Lester Long applies for leave to appeal from an

order of 16 October 1969 of Chief Judge James Macgill, presiding in the Circuit Court for Howard County, committing him to Patuxent Institution upon verdict of a jury that he was a defective delinquent. As reasons why the order should be reversed or modified he alleges that the trial court erred:

I with regard to the number of peremptory challenges allowed him;
II in finding the medical witnesses of the State to be qualified;
III in denying a motion for a directed verdict at the close of evidence offered by the State.

## I

When the case was called for trial applicant requested that he be allowed twenty peremptory challenges in the selection of the jury. The court refused the request and allowed him four peremptory challenges. This was not error.

It is firmly established that proceedings under the Defective Delinquent Law are not criminal proceedings but are civil proceedings and they are regarded as civil in nature both as to substantive and procedural matters. *Hall v. Director,* 245 Md. 687, 691; *Blizzard v. State,* 218 Md. 384, 386; *Walker v. Director,* 6 Md. App. 206, 209. Therefore, Maryland Rule 543 a 3 is applicable, as pertaining to causes at law, see Rule 1 a 1, and not Rule 746 a which pertains only to criminal causes, see Rule 1 a 2. Rule 543 a 3 provides that each party may peremptorily strike, without cause, four persons from the lists of twenty provided as designated. And we note that even under Rule 746 each party shall be permitted only four peremptory challenges in a trial for an offense not punishable by death or confinement in the penitentiary. Section a 1. It is only in a trial for an offense punishable by death or confinement in the penitentiary that each defendant shall be permitted twenty peremptory challenges. Section a 2.

## II

Dr. Domingo Sorongon, called by the State, was examined as to his qualifications. After the inquiry was concluded applicant's counsel, as we read the record, accepted that he was qualified.

Louis M. Florenzo, called by the State, testified that he had been employed as a staff psychologist at Patuxent Institution for seven years. He received a Bachelor's degree from Catholic University of America in 1954, a Master's degree in clinical psychology from the same University in 1957 and had taken further course work, currently working on his doctoral dissertation. He had been employed as a clinical psychology trainee by the Veterans' Administration and in 1959 was employed as a clinical psychologist by Prince George's County Health Department "with specialty primarily in juvenile delinquency." In 1962 he was employed at Patuxent Institution as a full time psychologist and was so employed at the time of the hearing. He was a member of the American Psychological Association and the District of Columbia Psychological Association. He had testified as an expert psychologist in courts in Prince George's County, Montgomery County, Frederick County, Baltimore County and Washington County as well as Howard County. Over objection the court found him qualified as a clinical psychologist.

Dr. Morris Meiller, called by the State, testified that he was a medical doctor employed by Patuxent Institution as a psychiatrist for about three years. He was graduated from San Marcos University Medical School in Lima, Peru and "arrived at Lutheran Hospital of Maryland in 1960 for a rotating internship." He then went into specialty training in psychiatry at the Spring Grove State Hospital and also at The Sheppard and Pratt Hospital. He became licensed as physician and surgeon by the State of Maryland in 1967 and in January 1968 became qualified by the American Board of Psychiatry and Neurology. He was a member of the Medical and Chirurgical Faculty of the State of Maryland, the Maryland

Psychiatric Society, the American Psychiatric Association and the Prince George's Medical Society. He had testified as an expert in the field of psychiatry in the courts of Howard, Prince George's and Baltimore Counties. He was engaged on a part-time basis in the practice of psychiatry. The court, over objection, found him to be qualified.

Questions in regard to the qualifications of a witness called as an expert are largely in the discretion of the trial court and the court's determination of whether a witness is qualified will only be disturbed on appeal if there has been a clear showing of abuse of the trial court's discretion. *Harding v. State,* 5 Md. App. 230; *Nelson v. State,* 5 Md. App. 109; *Wilkins v. State,* 4 Md. App. 334. We find no abuse of discretion here in the court's rulings that Mr. Florenzo and Dr. Meiller were qualified.

### III

The third reason for modification or reversal of the order reads as follows:

> "That the trial court committed reversal error in not granting Defendant's Motion for a Directed Verdict at conclusion of the State's case, in that the medical testimony relied on by the State did not comply with Article 31B, Section 7 of the Annotated Code of Maryland; that the said testimony did not disclose that the said medical witnesses based the opinion on their own personal examinations and study of said Defendant."

The reason as stated goes only to the motion for a directed verdict made at the close of the evidence offered by the State. Applicant made such a motion, Rule 552 a, and, on its denial, offered evidence. By so doing he withdrew the motion. Rule 552 b. See *Hoerr v. Hanline,* 219 Md. 413; *Jones v. Federal Paper Bd. Co.,* 252 Md. 475. Thus the denial of the motion which applicant now challenges is not before us for review. But applicant also moved for

a directed verdict at the close of all the evidence and we shall consider the reason in any event as going to the denial of the subsequent motion. Rule 522 a requires that the motion for a directed verdict shall state the grounds therefor and it is an obligation of the moving party to so state for the record in order to inform the court and counsel for the nonmoving party. *Glover v. Saunders,* 252 Md. 102; *Rockville Inv. Corp. v. Rogan,* 246 Md. 482. Applicant's counsel said at the close of all the evidence, "I would like to move for a directed verdict, too, at this time. I renew my motion I made at the close of the State's case, basically on the same argument that there's not sufficient evidence to go to the Jury." The reasons stated by counsel for the motion made at the close of the evidence offered by the State were "That the State has not met the burden of proof, indeed, even so far as the Jury question is concerned, as to the showing that the defendant is a defective delinquent as defined by Article 31-B, Section 5. I feel that the testimony on behalf of the State is sufficiently conflicting and substantially weak, with respect to their showing of the defective delinquency of Mr. Long."

It thus appears that the reason stated below for the motion did not include the reason now advanced. The reason below, at best, even assuming that it was not merely as to the weight of the evidence and the credibility of the witnesses, which were matters for the jury, went to the legal sufficiency of the evidence only with regard to whether the State had met its burden of establishing by a preponderance of the evidence that applicant was a defective delinquent within the statutory definition.[1] Ap-

---

1. This Court's function with regard to the sufficiency of the evidence in a defective delinquent proceeding tried by a jury is to determine, on motion for a directed verdict properly made and denied, whether the evidence was, in law, sufficient to submit the case to the jury. In such determination we consider the evidence most favorable to the State. *Wood v. Johnson,* 242 Md. 446; *Grue v. Collins,* 237 Md. 150; *Campbell v. Patton,* 227 Md. 125. The general rule by which the sufficiency of the evidence is tested when this Court is reviewing a motion for a directed verdict for a person alleged to be a defective delinquent is that we must resolve all conflicts in the evidence in favor of the State and must assume the truth of all inferences as may naturally and legitimately be

plicant does not now claim that the evidence before the court was not sufficient for its submission to the jury. He now asserts that it was error to deny the motion for a directed verdict because the medical testimony did not comply with Code, Art. 31 B, § 7. That section provides, in relevant part:

"Any such examination [for possible defective delinquency] shall be made by at least three persons on behalf of the institution for defective delinquents, one of whom shall be a medical physician, one a psychiatrist, and one a psychologist. They shall assemble all pertinent information about the person to be examined, before proceeding therewith, including a complete statement of the crime for which he has been sentenced, the circumstances of such crime, the court in which he was sentenced, the nature of the sentence, copies of any probation or other reports which may have been made about him, and reports as to his social, physical, mental and psychiatric condition and history. On the basis of all the assembled information, plus their own personal examination and study of the said person, they shall determine whether in their opinion, or in the opinion of a majority of them,

---

deduced therefrom which tend to support the fact of defective delinquency. Where the defendant offers evidence by way of defense, such facts where conceded or undisputed, may be considered in reviewing a ruling on a motion for a directed verdict but may not be so considered if the evidence is merely uncontradicted, if its truth is controverted. See *Smith v. Bernfeld,* 226 Md. 400, 405. A party is not entitled to a directed verdict in his favor unless the facts and circumstances are such as to permit of only one inference with regard to the issue presented. *Smack v. Jackson,* 238 Md. 35. If there is any legally relevant and competent evidence to prove a party's case, a directed verdict should not be granted. *Jacobson v. Julian,* 246 Md. 549.

In the instant case it was the opinion of Dr. Meiller, concurred in by the staff of Patuxent, that applicant was a defective delinquent within the statutory definition. This evidence alone was sufficient to submit the case to the jury. The truth of the evidence offered by applicant to show he was in fact not a defective delinquent was obviously controverted and would play no part in our determination.

the said person is or is not a defective delinquent."

The point now raised by appellant was not tried and decided below as presented on appeal and therefore is not properly before us. Rule 1085.

In any event it is perfectly clear from the testimony of Dr. Sorongon, a medical doctor, Dr. Meiller, a medical doctor and psychiatrist III, and Mr. Florenzo, a psychologist, that each personally examined applicant on behalf of the Institution. And their findings were stated in a written report addressed to the court and signed by each of them and by the Director of the Institution in compliance with the statute. An examining person is not required to arrive at a finding based only on his "own personal examinations and study" of the possible defective delinquent. The statute provides in unambiguous language that the examining persons shall determine whether in their opinion, or in the opinion of a majority of them, the subject is or is not a defective delinquent "on the basis of all the assembled information, plus their own personal examination and study of the said person." We believe that the record here is sufficient to show that they so arrived at their opinion. We find no error in the denial of the motion for a directed verdict.

*Application denied.*