ELWOOD TOWERS, JR., a/k/a ELMORE E. TOWERS
*v.* DIRECTOR, PATUXENT INSTITUTION

[App. No. 29, September Term, 1973.]

*Decided July 5, 1973.*

Before Moylan, Gilbert and Scanlan, JJ.

Moylan, J., delivered the opinion of the Court.

Elwood Towers, Jr., also known as Elmore E. Towers, was convicted on June 8, 1971, in a non-jury trial in the Circuit Court for Caroline County, of assault. He was subsequently transferred to Patuxent Institution for examination and evaluation. On March 30, 1973, a jury adjudged him to be a defective delinquent and he was committed to Patuxent for an indeterminate period of confinement. This application for leave to appeal follows from that determination.

This commitment proceeding was not the applicant's first. The applicant was originally transferred to Patuxent for diagnostic evaluation on March 28, 1956, following convictions for assault and larceny. While incarcerated at Patuxent, he assaulted a fellow inmate and on June 26, 1958, was additionally convicted of assault. On March 17, 1960, he was found to be a defective delinquent by the Circuit Court for Howard County and was committed to the Institution. Over ten years later, on December 9, 1970, a jury found that he did no longer meet the definition of a defective delinquent, and he was released from Patuxent.

Prior to the hearing in the instant case, the applicant filed a motion to dismiss the proceedings instituted by the State to declare him a defective delinquent, claiming that since a jury had "previously and recently" determined him not to be a defective delinquent, this determination was res judicata against the State in the present proceedings. The applicant argued that since Article 31B, Section 10 precludes an inmate from having his defective delinquency redetermined for a certain fixed period after an initial determination, the State should equally be limited from bringing the proceedings against him within a two or three year period of time. The lower court denied his motion. The applicant asserts error in that denial.

The question of whether a prior determination that a person is not a defective delinquent is res judicata at a subsequent hearing on that issue was raised in *Lambson v. Director*, 231 Md. 656. After having been adjudged at a court trial in the Criminal Court of Baltimore as not being a defective delinquent and committed to a penal institution, the applicant there was convicted and sentenced in another county for escape from that penal institution, again transferred to Patuxent for evaluation, and subsequently determined in the Criminal Court of Baltimore to be a defective delinquent. In remanding the case for further proceedings, the Court of Appeals, however, found it unnecessary to decide the res judicata contention since the Criminal Court of Baltimore lacked jurisdiction to hear the matter — jurisdiction was properly vested in the court that last sentenced the applicant and not in the court where the initial determination had occurred.

The doctrine of res judicata is a judicially created rule which prevents the relitigation of a factual issue or an action which has formerly been adjudicated on the merits between the same parties or their privies in a court of competent jurisdiction. *Pat Perusse Realty Co. v. Lingo*, 249 Md. 33. The doctrine, however, extends only to the facts and conditions as they existed at the time of the first judgment and does not bar the fresh litigation of an issue which is appropriately subject to periodic redetermination, as subsequent facts and changed conditions may alter the status of the thing being evaluated. *Whittle v. Board of Zoning Appeals of Baltimore County*, 211 Md. 36; 50 C.J.S., *Judgments*, § 650 and § 712b, page 180; 46 Am.Jur.2d, *Judgments*, § 443.

The commitment proceedings which terminated in the determination on March 30, 1973, that the applicant is a defective delinquent stemmed from his conviction and sentence for assault on June 8, 1971. It is this conviction, well over a year after his release from Patuxent in December, 1970, which precipitated the transfer for examination and evaluation to Patuxent under Article 31B, Section 6. The doctrine of res judicata has no applicability

herein, nor is this proceeding in any way barred by any provision in Article 31B.

The applicant argues further that even if the action is not barred, only the applicant's conduct after December 9, 1970, when he was released from Patuxent, can serve as the basis for the determination. His contention is untenable. The doctrine of res judicata has no application to such "evidentiary facts." The lower court properly allowed the introduction of all sociological, medical, and psychiatric information that had previously been introduced at the December 9 hearing. 46 Am.Jur.2d, *Judgments*, § 425.

The applicant's remaining contentions can be dismissed summarily. It is unnecessary to detail each one. All relate to the weight and sufficiency of the evidence to sustain the jury's determination. Among other things, the State introduced into evidence a report of the director and staff at Patuxent which contained, inter alia, concrete facts about applicant's past behavior. Based on those facts and other data, the director and staff at Patuxent concluded that applicant met the definition of a defective delinquent. This was sufficient evidence to submit the issue to the jury. See *Long v. Director*, 8 Md. App. 627, 632-633, n.1. The weight of the evidence was strictly for the jury and is not reviewable on application for leave to appeal. *Gray v. Director*, 245 Md. 80; *McCloskey v. Director*, 4 Md. App. 581.

*Application denied.*