(93 South. 292)

## ADAMS v. STATE. (5 Div. 406.)

(Court of Appeals of Alabama. May 16, 1922.)

1. Witnesses ⊂⇒345(2) — Defendant's witness cannot be cross-examined as to imprisonment for same offense.

In a prosecution for homicide, it was error to allow solicitor to bring out on cross-examination that defendant's witness had been put in jail under the same charge, as this would tend to discredit witness and not merely show interest or bias, and was not within Code 1907, §§ 4008 and 4009, authorizing an examination of a witness concerning a conviction for a crime.

2. Witnesses ⊂⇒277(5)—Defendant cannot be cross-examined as to prior fight.

In a prosecution for homicide, it was error to permit cross-examination of defendant as to a fight in which he was engaged but which was an entirely separate transaction.

Appeal from Circuit Court, Chambers County; Lum Duke, Judge.

Neal Adams was indicted for murder in the first degree, convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

J. W. Strother, of Dadeville, W. Howell Morrow, of West Point, Ga., and N. D. Denson & Sons, of Opelika, for appellant.

The court erred in admitting evidence that Mitcham was put in jail on this charge. Section 4009, Code 1907; 17 Ala. App. 379, 84 South. 862; ante, p. 62, 88 South. 375; 206 Ala. 180, 89 South. 605. The court erred in requiring the defendant to testify as how the cut on his sleeve was received. Authorities supra.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. This appellant, defendant in the court below, together with others, was indicted for murder in the first degree. Upon the trial under this indictment, the defendant demanded, and was granted, a severance, the trial resulting in the conviction of this defendant of the offense of manslaughter in the first degree, the punishment being fixed by the jury at ten years' imprisonment in the penitentiary; and from a judgment to this effect he appeals.

The insistence of error is based upon the rulings of the court on the testimony; and upon the action of the court in denying a

motion for a new trial. No other exceptions were reserved upon this trial as the written charges requested by the defendant were given and no exception to the oral charge of the court was reserved.

[1] One Seab Hurst, a kinsman of the deceased named in the indictment, was introduced by the state and was one of the principal witnesses upon whose testimony the prosecution relied for a conviction. Upon the cross-examination of this witness a predicate was laid to him in order to impeach him by showing contradictory statements made by this witness at a given time and place which this witness denied having made. For this purpose, and at the proper time, defendant introduced his witness Johnson Mitcham, who testified that Hurst had made the contradictory statement contained in the predicate. On cross-examination of this witness (Mitcham), over the objection and exception of defendant, the solicitor was allowed to ask him, "Were you put in jail on this charge too?" The objection to this question should have been sustained, and the answer thereto which the witness was required to make by the ruling of the court should have been excluded. Walker v. State, 205 Ala. 197, 87 South. 833. As insisted by counsel for appellant, it is evident that the only purpose which could have prompted this question was to impeach or discredit the witness Mitcham, and place him in an unenviable attitude before the jury. It is always permissible to show interest or bias of a witness (Byrd v. State, 17 Ala. App. 301, 84 South. 777), but to unduly prejudice the jury against a witness, and thereby lessen the strength or force of his testimony, the benefit of which the defendant is entitled to, free from such undue burdens, is not permissible. This question called for testimony the tendency of which would materially affect the credibility of the witness, and such action not coming within the rule, Code 1907, §§ 4008, 4009, was unauthorized, and the court erred in permitting this inquiry over the objection of defendant. Abrams v. State, 17 Ala. App. 379, 84 South. 862; Lyles v. State (Ala. App.) 88 South. 375; [1] Burnett v. State (Ala. App.) 91 South. 893; [2] Lakey v. State, 206 Ala. 180, 89 South. 605.

[2] The defendant testified as a witness in his own behalf, and on cross-examination, over the objection of the defendant, the following occurred: The solicitor asked the witness, "Mr. Adams, do you see that 'nice, smooth cut around that coat sleeve there?" (referring to the coat sleeve of the defendant). The witness was required to answer, "Yes, sir." The solicitor then asked, "That was done with a knife in a fight too, wasn't it?" The court allowed this question and declined to exclude the answer, "Yes, sir." The witness testified that it had nothing to do

with the case on trial, but had happened in another and entirely different and separate transaction last year.

The ruling of the court in this connection was also error. It is difficult to conceive upon what theory this inquiry was allowed. The defendant's character for peace and quiet was not put in issue, and, even if it had been, an inquiry of this nature would not have been permissible; and certainly the character of the defendant for truth and veracity could not be attacked in this manner. As we view it, the result of such inquiry could have the effect only to unduly discredit the witness and thereby prejudice the minds of the jury against him on account of past conduct wholly disassociated with any phase of the case on trial; conduct too which may have been explained by defendant, if allowed to do so, so that no reflection or imputation of wrongdoing upon his part could be attributed to him. Suppose this defendant did have a fight the year before with some one and in that fight the "nice, smooth cut around the coat sleeve" was made; could that fact be taken as conclusive that the witness (defendant) here was at fault, or that his participation therein was unlawful? There is no rule of evidence which would permit him to show such was not the fact on the trial of the case at bar; if there was such a rule, it would result in a multiplicity of issues and matters wholly immaterial and irrelevant to any issue involved in the case on trial, and it is elementary that this cannot be done. Windom v. State, ante, p. 430, 93 South. 79.

From what has been said the judgment of the circuit court appealed from must be reversed and the cause remanded. This being true, there appears no necessity to consider the ruling of the court on the defendant's motion for a new trial.

Reversed and remanded.