## MONROE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 51, September Term, 1962.]

*Decided February 8, 1963.*

Before Brune, C. J., and Henderson, Hammond, Prescott, Horney, Marbury and Sybert, JJ.

Marbury, J., delivered the opinion of the Court.

On January 15, 1959, the applicant, after a conviction of armed robbery, was given a twelve year sentence by the Circuit Court for Baltimore County, such sentence to run from November 1, 1958, the date of his trial, and ordered referred to the Patuxent Institution. On May 8, 1959, he filed a petition seeking relief under the Post Conviction Procedure Act, which was denied; and his application for leave to appeal to this Court was also denied in an opinion by Judge Hammond,

filed July 14, 1960. *Monroe v. Director,* 223 Md. 660. A subsequent application for leave to appeal was denied by this Court in a per curiam opinion on May 12, 1961. *Monroe v. Director,* 225 Md. 632. Between the two decisions adverse to him, he was on July 27, 1960, committed to the Patuxent Institution as a defective delinquent.

On August 3, 1962, in proper person, he filed in the Circuit Court for Baltimore County a petition for a "re-hearing as a defective delinquent" and requested that Phillip Bennett be appointed to represent him at the hearing. Mr. Bennett was duly appointed by the court to represent him, and on September 25, 1962, filed a request for jury trial on behalf of the applicant. The court ordered a writ of habeas corpus directed to the Director of the Patuxent Institution to produce the applicant in the circuit court for the purpose of a hearing on October 31, 1962. The docket entries show that a hearing was held before Judge Raine on that day and the petition dismissed.

In his petition for leave to appeal to this Court, filed on November 8, 1962, he stated, with reference to the hearing on October 31, 1962, that the State challenged his right to such hearing on the ground that a 1961 amendment to Code (1957), Article 31B, § 10 changed the prerequisite for eligibility to file a petition for redetermination from the former requirement of at least two years of confinement to a new requirement of at least two years and not less than two-thirds of the original sentence, which latter period had not expired. He further stated that this issue was heard by the court on October 31, 1962, when the petition was dismissed.

Since the submission of the record from the lower court, the applicant, in a letter addressed to the Chief Judge of this Court, enclosed for our consideration what might be termed a brief in proper person, in which he contends that Chapter 629 of the Acts of 1961, amending Article 31B, § 10, is unconstitutional under the Fourteenth Amendment of the Federal Constitution (indicating the due process and equal protection clauses), because it discriminates against defective delinquents who may have been originally sentenced to life imprisonment, for the reason that it would be impossible to determine when such a defective delinquent will have served two-thirds of his original sentence.

He further contended that his application for a redetermination should have been fully heard by the lower court under the two-year provision of Code (1957), Article 31B, § 10, as it stood prior to the 1961 amendment.

We find no merit in applicant's arguments. Applicant is not eligible for a redetermination under Code (1962 Cum. Supp.), Article 31B, § 10 until he has served two-thirds of his original sentence, which would be eight years. The fact that the change in the statute was made subsequent to his confinement at Patuxent is of no consequence. Since proceedings under Article 31B are civil, not penal, in nature (*Simmons v. Director,* 227 Md. 661, 177 A. 2d 409) the application of the amendment to the situation of the applicant is not in the nature of an ex post facto law.

We need not reach the questions presented in the letter submitted to the Chief Judge, since they were not decided or passed on in the proceedings below. Maryland Rule 885. We say however, that applicant has not shown that he has standing to challenge the constitutionality of the amendment to Article 31B, § 10, since he has been sentenced for a definite period of time.

*Application denied.*