BLANN *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 145, September Term, 1963.]

*Decided July 28, 1964.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

PER CURIAM.

John Willard Blann was adjudged to be a defective delinquent by a jury in the Circuit Court for Talbot County, and from that determination has applied to this Court for leave to appeal.

The only contention he raises is that the trial court "failed to advise Applicant of his constitutional right to counsel under the Fourteenth Amendment to the Constitution of the United States before and during his statutory Examination for Defective Delinquency by the Patuxent Institution * * *," and

662

the "Applicant was not in fact represented * * * by counsel during said statutory Examination being a 'critical stage' in the said Defective Delinquency proceeding," primarily citing in support of his allegation *White v. Maryland,* 373 U. S. 59, 10 L. Ed. 2d 193, and *Gideon v. Wainwright,* 372 U. S. 335, 9 L. Ed. 2d 799. (Subsequent to the report of Patuxent to the effect that the applicant was a defective delinquent and prior to Blann's hearing, the trial judge, acting in compliance with Art. 31B, Sec. 8 (a) and (b), appointed counsel to represent the applicant at his hearing.)

Passing the point that nowhere in the record does it appear that Blann below made the contention which he now asks us to consider, the answer to his claim is that the *White* and *Gideon* cases apply specifically to criminal prosecutions, while we have held many times that proceedings under the Defective Delinquent Act are, in their substantive and procedural aspects, civil in nature. See *Blizzard v. State,* 218 Md. 384, 386; *Simmons v. Director,* 227 Md. 661, 663; *McCloskey v. Director,* 230 Md. 635, 637; *Monroe v. Director,* 230 Md. 650, 653.

*Application denied.*