## BRUNSON *v.* DIRECTOR OF THE PATUXENT INSTITUTION

[App. No. 136, September Term, 1964.]

*Decided May 27, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

HAMMOND, J., delivered the opinion of the Court.

In August of 1963 the applicant, represented by court-appointed counsel, was convicted of burglary of a warehouse. He received a sentence of not more than three years and was then transferred to Patuxent Institution for evaluation as a defective delinquent. In June of 1964, after a trial by jury, he was found to be a defective delinquent and committed to Patuxent. It is from this finding that application for leave to appeal is sought.

Applicant, through his court-appointed attorney, relies on errors allegedly committed by the trial court as follows: (1) the overruling of defendant's motion for a directed verdict for lack of sufficient evidence to convict; and (2) the admission of Dr. Boslow's opinion that the applicant was a defective delinquent despite the fact that none of the persons who prepared the reports on which Dr. Boslow in part based his professional opinion of defective delinquency were in court to testify, and hence were not subject to cross-examination, and similarly the reliance by Dr. Boslow on applicant's home background and psychiatric history learned from records of a psychologist of the juvenile court made in 1957, some three years before trial, which were not part of the records of the Patuxent Institution.

We find no merit to the contention of insufficiency of evidence. The testimony of Dr. Boslow, the formal report from Patuxent, the record of prior convictions and the fact of the instant burglary conviction showed more than sufficient basis to support a verdict.

Applicant's further contentions also cannot help him. The fact that the Patuxent Institution report included findings of persons who did not testify does not render it inadmissible. *Washington v. Director,* 237 Md. 311. Also, it was clearly permissible for evidence of applicant's past background and behavior, as shown by the records of the juvenile court, to be admitted, *Bullock v. Director,* 231 Md. 629, and *Daniels v. Director,* 238 Md. 80, and the passage of some time between the date of a report and its use in court affords no basis for relief, *Rice v. Director,* 238 Md. 137.

There was no denial to applicant of the right of confrontation of witnesses. *Ash v. Director,* 237 Md. 443. The words in Code (1964 Cum. Supp.), Art. 31B, Sec. 10(a) (the section dealing with the procedures as to redetermination of defective delinquency), that "any party in interest shall have the right * * * to process to compel the attendance of witnesses" were omitted from Sec. 8(a) when the Legislature repealed and reenacted Sec. 8 by Ch. 283 of the Laws of 1963 to prescribe the procedures as to an original determination of defective delinquency, including the right of counsel for the accused to see all reports well in advance of trial. Since the quoted words declared the obvious—8 Wigmore, *Evidence,* Sec. 2192 (3rd Ed. 1940), p. 64: "For more than three centuries it has now been recognized as a fundamental maxim that the public (in the words sanctioned by Lord Hardwicke) has a right to every man's evidence," and Md. Rule 114a—their omission from the reenacted Sec. 8 did not affect the right of the prospective defective delinquent to have any available person, whose name appeared on any report considered by the Patuxent authorities or used as a basis for testimony in court, summoned to appear in court. *Faulkner v. Director,* 230 Md. 632. The applicant did not seek to summon any person whose report was utilized by Dr. Boslow and cannot justly complain now.

*Application denied.*