## BOUGKNIGHT v. DIRECTOR OF PATUXENT INSTITUTION

[App. No. 127, September Term, 1964.]

*Decided May 28, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and BARNES, JJ.

MARBURY, J., delivered the opinion of the Court.

In September of 1960, the applicant, John Bougknight, pleaded guilty to the crime of attempted burglary and was sentenced to five years in the Maryland Penitentiary by Judge Manley. He did not appeal from this judgment and sentence. In May of 1963, an order was signed by Judge Manley transferring the applicant to Patuxent Institution for diagnosis and evaluation. In November of 1964, after a trial by jury, he was found to be a defective delinquent and committed to Patuxent. It is from this finding that application for leave to appeal is sought.

Applicant, through his court appointed attorney, makes the following allegations: (1) Dr. Harold Boslow, the only witness for the State, refused to give any reason for his opinion that the applicant was a defective delinquent except to repeat over and over, that "he considered the entire record"; and (2) since the applicant's term of imprisonment has already expired, and since his term ended in February 1964, some seven months before he was first adjudicated a defective delinquent, Code (1964 Cum. Supp.), Article 31B, Section 6 (e) violates his constitutional rights under the due process clause of the Constitution of the United States and the Maryland Declaration of Rights.

The applicant's first contention attacks the sufficiency of the evidence and is no more than a bald allegation without factual support in the record. It is a general statement that Dr. Boslow "considered the entire record" without any explanation how this was prejudicial to him. *Dickerson v. Director*, 235 Md. 668, 202 A. 2d 765; *Faulkner v. Director*, 230 Md. 632, 187 A. 2d 473; Maryland Rule 894 a 2 (a). Further, a review of the record discloses that there is ample and sufficient evidence contained in the staff's report to Dr. Boslow, plus the applicant's record of prior convictions, to support the finding of the jury that he is a defective delinquent. *Brunson v. Director*, 239 Md. 128, 210 A. 2d 372.

Applicant's second contention is also without merit. The fact that his sentence may have expired before he was adjudicated a defective delinquent is of no moment. Article 31B, Section 6 (e) provides:

> "After the court has ordered an examination to be made under this section, said person shall be retained in custody, initially of the Department of Correction until his transfer to Patuxent Institution and thereafter in the custody of Patuxent Institution, until such time as the procedures of this subtitle for the determination of whether or not said person is a defective delinquent have been completed, *without regard to whether or not the criminal sentence to which he was last sentenced has expired.* * * *." (Emphasis added.)

We find no violation of the applicant's constitutional rights.

*Doxzen v. Director,* 236 Md. 657, 205 A. 2d 238, and cases therein cited.

*Application denied.*