## BROWN *v.* DIRECTOR OF THE PATUXENT INSTITUTION

[App. No. 123, September Term, 1964.]

*Decided June 8, 1965.*

Before Prescott, C. J., and Hammond, Horney, Marbury and Sybert, JJ.

Per Curiam.

In 1963 the applicant, Daniel Brown, Jr., represented by court-appointed counsel, pleaded guilty to a charge of robbery and was sentenced to serve not more than five years in the Maryland Institution for Men. In the following year he was transferred to the Patuxent Institution for evaluation as a defective delinquent. On November 23, 1964, after a non-jury trial before Chief Judge Manley in the Criminal Court of Baltimore, he was determined to be a defective delinquent and was committed to Patuxent.

In this application for leave to appeal from that determination the applicant required his counsel to make four contentions. The first is that Brown was not given a full opportunity to express himself to the trial court. This claim is completely without merit since it is conceded by his counsel that Brown took the witness stand and had ample opportunity to tell the court his version of the offense to which he had pleaded guilty. In addition, Brown offered no factual basis to support his claim.

The second contention is that a letter written by the Superintendent of the Maryland Institution for Men, which was part of the Patuxent file before the court below, contained an exaggerated statement of facts, and the third is that the applicant was denied the right to question the Superintendent in regard to the letter because the Superintendent was not present at the trial. But both of these claims are unavailing since Brown does not contend that he ever attempted to summon the Superintendent as a witness. In the absence of a clear showing that his right to summon witnesses has been denied him an applicant

cannot be heard to complain because he did not exercise the right. *Brunson v. Director,* 239 Md. 128.

Finally, the applicant baldly asserts, without any supporting facts, that the trial resulting in his commitment to Patuxent was without "merit or validity". We cannot be expected to guess, of course, what he means and must disregard the contention since it fails to comply with Maryland Rule 894 a 2(a), requiring a concise statement of the reasons for reversal or modification of the court's order, and a listing of errors committed by the court.

*Application denied.*