## MOULSDALE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 3, September Term, 1965 (Adv.).]

*Decided July 2, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, SYBERT, OPPENHEIMER and BARNES, JJ.

MARBURY, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of Judge Foster in redetermination proceedings that the applicant was still a defective delinquent. The applicant through his court-appointed counsel seeks leave to appeal on the grounds: (1) that the verdict of the lower court was erroneous and against the weight of the evidence; (2) that the lower court erred because there was no evidence legally sufficient to support its finding that it was not reasonably safe for society to

terminate the applicant's confinement; and (3) that the trial court admitted into evidence hearsay testimony, namely the findings and conclusions of personnel at Patuxent who were not present at the time of the trial.

We have examined the record and find no merit in any of the applicant's contentions. His first two contentions are based on the report of his court-appointed psychiatrist, Dr. Watermann. The latter concluded his report in this manner:

> "Based on my two interviews with him and his behavior at Patuxent Institute, I believe Mr. Moulsdale has little to contribute to society and will make a marginal adjustment at best. He is a borderline mental defective and is essentially illiterate. He denies his problems and has little tolerance for frustration. This will definitely cause a poor social adjustment but not necessarily unlawful behavior. I found no specific indications that it would not be reasonably safe for society to terminate his confinement. He apparently did not wish to reveal much about himself to the examiner and this makes this evaluation less valuable in predicting future behavior."

This report was not a finding that the applicant is not a defective delinquent, and even if it were the court would not be bound thereby in view of the evidence to the contrary. The first two contentions relate only to the weight of the evidence and the lower court properly found that there was sufficient evidence to support the finding that the applicant is still a defective delinquent. *Oppel v. Director,* 237 Md. 611.

As to the applicant's third contention, we have repeatedly held that this testimony is not inadmissible due to hearsay simply because it relies in part on the reports of other trained persons or on the medical findings of members of the Patuxent staff. *Pierson v. Director,* 235 Md. 654.

*Application denied.*