WOOD *v.* DIRECTOR OF PATUXENT
INSTITUTION

[App. No. 86, September Term, 1965.]

*Decided October 12, 1966.*

Before HAMMOND, C. J., and HORNEY, MARBURY, OPPEN-
HEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of
the Circuit Court for Frederick County dated January 28, 1965,
finding that the applicant is a defective delinquent and commit-
ting him to Patuxent Institution. Morris Wood previously had
been convicted in the Circuit Court for Frederick County of as-
sault and battery, and on September 24, 1962, he was sentenced
to the Maryland Institute for Men for not more than three years.
Subsequently, on January 28, 1965, Judge Patrick M. Schnauf-
fer, sitting without a jury, found him to be a defective delin-
quent.

The applicant raises the following contentions:

1. That there was an unconstitutional delay of nearly twenty-
eight months from the time of applicant's commitment to
Patuxent Institution to the time of his adjudication as a
defective delinquent. The delay has postponed the run-
ning of the two years which must lapse before applicant
can seek a redetermination.
2. That Art. 31B violates the due process and equal protec-
tion clauses of the Fourteenth Amendment.
3. That Art. 31B violates the double jeopardy provisions of
the federal Constitution.
4. That Art. 31B is an *ex post facto* law, in violation of Art.
I, § 10, of the Constitution of the United States.
5. That Art. 31B violates the self-incrimination provision of
the Fifth Amendment of the United States Constitution.
6. That in violation of the due process clause of the Four-
teenth Amendment applicant was denied the right to have
an attorney present at the time of his mental examina-
tion at Patuxent Institution.
7. That sentence for an indeterminate period of time is a de-
nial of equal protection to the applicant.
8. That the finding of defective delinquency was against the
weight of the evidence.

With regard to the applicant's first contention, we pointed

out in *McCloskey v. Director,* 230 Md. 635 (1963), that since defective delinquency proceedings are civil in nature, the constitutional rights to a speedy trial are not applicable. Applicant's contentions two, three, four, five and seven have all been disposed of in *Director v. Daniels,* 243 Md. 16 (1966). The sixth contention also fails because the civil nature of defective delinquency proceedings makes the "right to counsel" inapplicable during examination. *Blann v. Director,* 235 Md. 661 (1964). With regard to applicant's eighth contention, this Court has repeatedly held that questions of the weight of the evidence are not available on application for leave to appeal if, in a non-jury case, the finding of the lower court was not clearly erroneous. *Alt v. Director,* 240 Md. 262 (1965) ; *Blakney v. Director,* 239 Md. 704 (1965) ; *Colbert v. Director,* 234 Md. 639 (1964).

*Application denied.*