JOHN HAAKON WISE *v.* DIRECTOR,
PATUXENT INSTITUTION

[No. 72, Initial Term, 1967.]

*Decided June 21, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

The applicant was found guilt of sodomy and unnatural and perverted sexual practices by Judge J. DeWeese Carter sitting without a jury in the Circuit Court for Kent County on August 31, 1965. At the conclusion of the trial, Judge Carter ordered that the applicant be examined at Patuxent Institution to determine whether or not he was a defective delinquent, and he was subsequently adjudged to be a defective delinquent in a jury trial on July 18, 1966. This application for leave to appeal from that judgment was filed on July 29, 1966.

The applicant raises the following contentions in his application for leave to appeal:

1. The examining staff members at Patuxent did not comply with the requirements of *Miranda v. Arizona,* 384 U. S. 436 (June 13, 1966), in that they (a) failed to advise the applicant of his right to remain silent and to refuse to take the psychological test and I.Q. test; (b) failed to warn him that anything he said and that the results of any tests taken could and would be used as evidence against him to convict him of being a defective delinquent; and (c) failed to advise him of his right to have and consult with counsel before proceeding with the examination.

2. That evidence elicited from the applicant while at Patuxent should not have been admitted because he had not been warned of his right to remain silent.

3. That coercion was used to overcome his unwillingness and reluctance in submitting to the examination and, furthermore, that those who refuse to be examined on grounds of possible self-incrimination are, without exception, classified as defective delinquents.
4. That the State did not prove him to be a defective delinquent by preponderance of the evidence.
5. That the State deliberately inflamed the minds of the jurors by repeatedly referring to his having been convicted of, and presently under sentence for, a sex act involving a twelve year old boy.
6. That the judge should have specifically instructed the jury not to allow those offenses to dominate and prejudice their minds against the applicant and that these offenses were not alone sufficient grounds to find him a defective delinquent.
7. That the court erred in admitting an unsworn hearsay psychiatric report from Patuxent Institution.
8. That the court denied him due process and equal protection of the law by not having the petitioner brought before it (prior to being sent to Patuxent for examination), for the purpose of informing him of the order for examination and of his right to contest the order and to have counsel appointed to prosecute the appeal from the order.

Contentions one, two, three, six and eight were not raised below and, therefore, are not properly before us on appeal and may be denied for that reason. Rule 1085; *Crews v. Director,* 245 Md. 174; *Herrman v. Director,* 229 Md. 613; *McDonough v. Director,* 229 Md. 626. The fourth contention may also be denied for the same reason, in that the applicant failed to submit a motion for a directed verdict at the conclusion of the trial below. *McDonough v. Director, supra.*

The first two contentions endeavoring to invoke the protection of the *Miranda* decision must be denied for additional reasons. At the outset, it must be observed that the psychological and psychiatric examinations that are performed at Patuxent are not accusatorial stages of a criminal proceeding and do not

constitute the type of "in-custody" interrogation with which the Supreme Court was concerned in *Miranda*. Furthermore, the purpose of the stage of the defective delinquent proceeding that is being attacked herein is not to determine or to gain evidence to prove that the subject has committed a crime, but rather to discover the inmate's mental and emotional condition. Defective delinquency proceedings are civil in nature, *Director v. Daniels*, 243 Md. 16 (1966), and as the applicant's statements did not subject him to criminal liability, there is no constitutional infirmity in the manner in which the examination at Patuxent was conducted, *McCloskey v. Director*, 245 Md. 497. And a person undergoing examination at Patuxent has no absolute right to remain silent. *State v. Musgrove*, 241 Md. 521.

We have studied carefully the Supreme Court's recent decision in *Specht v. Patterson*, 386 U. S. 605, 18 L. Ed. 2d 326 (April 11, 1967), and we conclude that the applicant's examinations at Patuxent did not offend standards of due process as enunciated in that decision.

The third contention was not raised below, there is no evidence in the record to support it, and no specific allegations of fact have been made before this court in regard to it. Furthermore, as *State v. Musgrove, supra* indicates at p. 532, the effect of a prisoner's refusal to cooperate with the examining staff members is not that he is automatically classified as a defective delinquent, but rather that the order of court referring a person to Patuxent for an examination as to defective delinquency cannot be defeated by the prisoner's refusal to submit to examination.

The fourth contention, if considered, even though not raised below, is also without merit, as the applicant's conviction of a crime enumerated in Article 31B, Section 6(a), the report from Patuxent, and the testimony of Dr. Harvey Kelman of Patuxent constitute sufficient evidence to support the lower court's submission of the case to the jury. See *Debinski v. Director*, 243 Md. 695; *Brunson v. Director*, 239 Md. 128; *Boughknight v. Director*, 239 Md. 140.

Contentions five and six, which deal with the references made before the jury of his conviction for sex acts involving a young boy, are likewise without merit. The nature of and the circum-

stances surrounding applicant's conviction are matters which must be brought before the jury to aid them in their consideration of the issue at hand—i.e., whether or not the applicant is a defective delinquent. The conviction is an essential element in the determination of defective delinquency. A review of the transcript of the proceedings below does not indicate that the references to the applicant's conviction were made in such a way as to inflame the minds of the jurors.

The issue raised in contention seven has been many times adjudicated against applicants in defective delinquency proceedings. See *Moulsdale v. Director,* 239 Md. 414; *Rice v. Director,* 238 Md. 137; *Pierson v. Director,* 235 Md. 654; *Fairbanks v. Director,* 226 Md. 661.

The eighth contention endeavors to create a right which the statute does not provide. The applicant has an opportunity to contest his determination of defective delinquency but he has no statutory right to contest the order of the judge that he undergo such an examination. The applicant makes no specific allegation as to how he has been denied due process of law and equal protection of the law by not being able to take such an appeal.

*Application denied.*