## DEXTER R. KNOX *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 161, Initial Term, 1967.]

*Decided August 25, 1967.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

On August 17, 1966, Dexter R. Knox was found guilty of burglary and sentenced to two years in the Maryland House of Correction. On August 30, 1966, he was ordered to Patuxent Institution for examination to determine whether he was a defective delinquent. On January 18, 1967, applicant's petition

for relief under the Uniform Post Conviction Procedure Act was dismissed in the Circuit Court for Anne Arundel County, Judge E. Mackall Childs presiding. Application for leave to appeal was filed on January 30, 1967.

In his petition, applicant sets forth five contentions dealing with his trial and with his referral to Patuxent Institution. In his application for leave to appeal, applicant elaborates upon his original contentions. Summarized, they are:

1. That he is being denied his Fifth Amendment privilege against self-incrimination by the Director of Patuxent Institution.
2. That he is being denied his right to counsel while at Patuxent for examination.
3. That he was not advised of his right to appeal by the judge or by his court-appointed counsel.
4. That he requested his court-appointed counsel to file an appeal, but he failed to do so.
5. That he was illegally arrested and subjected to an unlawful search and seizure.

The first two contentions do not, either directly or indirectly, challenge the legality of applicant's judgment of conviction and hence are not properly cognizable under the Uniform Post Conviction Procedure Act.[1]

Applicant's third and fourth contentions, concerning the right to appeal, are clearly contradictory. It is settled that failure to

---

1. It is not entirely clear whether applicant is complaining of a violation of his rights to counsel and against self-incrimination, or whether he is simply complaining that the order committing him to Patuxent is unconstitutional because it fails to advise applicant of his right to remain silent and to be represented by counsel. It is clear that the evils of "custodial interrogation" with which *Miranda v. Arizona,* 384 U. S. 436 and *Escobedo v. Illinois,* 378 U. S. 478, were intended to deal are not present at the time of a mental examination for a determination of defective delinquency. See *Wise v. Director,* 1 Md. App. 418. Furthermore, the court order referring applicant to Patuxent for examination cannot be defeated by his refusal to submit to a mental examination, *State v. Musgrove,* 241 Md. 521, and he is not entitled to court-appointed counsel during the statutory examination for defective delinquency, *Blann v. Director,* 235 Md. 661.

advise, whether by counsel or by court, of right to appeal is not ground for relief. *Nixon v. Director,* 1 Md. App. 14; *Montgomery v. Warden,* 1 Md. App. 30. At any rate, it was disclosed at the post conviction hearing that applicant was advised of his right to appeal and freely elected not to exercise it. Clearly, applicant's third and fourth contentions are groundless.

Applicant's fifth contention—that he was illegally arrested and subjected to an illegal search and seizure—forms no basis for post conviction relief. It was established at the post conviction hearing that no physical evidence was offered by the State at the trial. Where no fruits of an illegal arrest or search are introduced at trial, the illegal arrest or search is immaterial. *Baldwin v. Warden,* 243 Md. 326; *Ross v. Warden,* 1 Md. App. 46.

*Application denied.*