## MORRIS T. WOOD *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 166, September Term, 1967.]

*Decided October 10, 1968.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a denial of post conviction relief by Judge Robert E. Clapp in the Circuit Court for Frederick County. The issues raised by the applicant were fully treated by Judge Clapp and, ordinarily, the application for leave to appeal would be denied for the reasons set forth in the lower court's Memorandum.

However, the record indicates that the applicant's present confinement results from an original charge of assault and battery to which charge he entered a plea of *nolo contendere*. Following the acceptance of this plea, a verdict of guilty was entered on the docket and the applicant was sentenced to three years in the Maryland Institution for Men. Thereafter, he was determined to be a defective delinquent and is now confined in Patuxent Institution.

Judge Clapp points out in his Memorandum that under Maryland Rule 723 c, the Court, following the entry of a plea of *nolo contendere,* shall determine and impose sentence as on a plea of guilty, "but without finding a verdict of guilty." Accordingly, Judge Clapp ordered stricken from the record the verdict of guilty which had been found by the trial judge and entered on the docket, contrary to Rule 723 c.

Since Section 6 of Article 31 B of the Annotated Code of Maryland would appear to make conviction for a crime or offense, as defined therein, a prerequisite to activating the defective delinquency proceedings contemplated by the Statute, the case will be remanded for a finding by the lower court of the effect, if any, that the acceptance of the applicant's plea of *nolo contendere* may have upon the validity of his confinement in Patuxent Institution.

*Case remanded for further finding by the lower court in accordance with this opinion.*