## McDONOUGH *v.* STATE OF MARYLAND, ET AL.

[No. 192, September Term, 1968.]

*Decided May 20, 1969.*

The cause was submitted on brief to HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

Submitted by William L. McDonough in proper person.

Submitted by *Francis B. Burch, Attorney General,* and *Alfred J. O'Ferrall, III, Assistant Attorney General.*

FINAN, J., delivered the opinion of the Court.

Appellant, William L. McDonough, is presently an inmate at the Patuxent Institution, Jessup, Maryland. On January 30, 1968, in anticipation of a future hearing to redetermine whether or not he was a defective delinquent, he filed in the Circuit Court for Baltimore County two petitions. One for a writ of mandamus and another requesting an ex parte injunction (Miscellaneous #3917 and #3918), naming as defendants the State of Maryland, the State's Attorney for Baltimore County, the Circuit Court for Baltimore County and the Director of Patuxent Institution, Dr. Harold M. Boslow (appellees). On March 22, 1968, appellees filed demurrers to each petition and on May 1, 1968, the demurrers were heard together in the Circuit Court for Baltimore County. That court sustained both demurrers without leave to amend and appellant has brought this appeal.

The appellant was committed to Patuxent Institution on January 17, 1962, by the Circuit Court for Baltimore County as a defective delinquent, Maryland Code (1967 Repl. Vol.) Art. 31B. On November 11, 1967, he became eligible for a redetermination of his status under Section 10 of Article 31B and sought such redetermination in the Circuit Court for Baltimore County. While that proceeding was pending appellant filed his petitions which are at issue here.

The appellant under Miscellaneous #3917 set forth eighteen separate counts in which he outlined the procedure which the court should be required to follow to assure the safeguard of his constitutional rights at the pending redetermination hearing and which for the purposes of this appeal may be summarized in four issues as follows:

(a) That the redetermination hearing should pro-

vide the same constitutional protections allowed an accused in any criminal trial.

(b) That no inferences should be drawn or used as evidence against him from his adherence to what he believes is his right to avail himself of the protections against self-incrimination, the presence of counsel, etc.

(c) That the State should be prevented from using as evidence for the basis of expert opinion the records of criminal convictions wherein the accused was not represented by counsel, nor the records of unadjudicated charges.

(d) That the appellant should be afforded as a matter of due process the right to discovery as pertains to the records, documents and files in his case, prior to trial.

In Miscellaneous #3918 the appellant sought the issuance of a writ of mandamus and a permanent injunction commanding the appellees to "expunge, delete and obliterate from their records, etc., all alleged prior psychiatric and psychological reports of examination made of [appellant] in and out of Patuxent Institution prior to [appellant's] arrival to Patuxent. And, during [appellant's] confinement in Patuxent up to the date of the Patuxent Staff's last alleged reported psychiatric and psychological examination of [appellant] * * *." He alleged in general terms that these reports have been secured by the appellees in violation of his constitutional guarantees, including those relating to the proscription against self-incrimination, the right to confrontation of witnesses and to assistance of counsel.

The appellees in their demurrers contend that the contents of appellant's petition are vague and general in substance and insufficient at law; that the appellant has an adequate remedy at law in his redetermination hearing to raise the issues pressed in his petitions and that neither mandamus nor injunctive relief is appropriate under the circumstances.

The Circuit Court for Baltimore County ruled on both petitions together as they involved the same questions of law and fact. The demurrers were sustained to both petitions as the latter were found to be insufficient in law to support grounds for

relief and filed untimely, since the procedural safeguards available in the pending redetermination hearing on his status as a defective delinquent should prove adequate. The lower court was of the opinion that the appellant would have the opportunity to challenge, by appropriate objections in the pending redetermination hearing, the validity of the procedures and the legal principles deemed applicable as the hearing proceeded.

The question before this Court is, did the lower court correctly sustain the demurrers to the appellant's petitions for a writ of mandamus and ex parte injunctive relief, which petitions set forth as preliminary matters constitutional challenges to the procedures to be followed and the evidentiary rules to be used at the pending redetermination hearing.

The appellant by a new approach tries to resurrect old questions long settled. The constitutional challenges to Maryland's Defective Delinquent Act, Code Art. 31B, and the procedure provided therein for the commitment, treatment and redetermination (§ 10) of the status of a defective delinquent, have hopefully been put to rest by prior decisions of this Court and the United States Court of Appeals for the Fourth Circuit. The appellant by his petitions would have us revisit the ground so thoroughly covered by Judge Hammond (now Chief Judge), in the opinion of this Court in *Director v. Daniels,* 243 Md. 16, 221 A. 2d 397 (1966), (wherein many of the unanswered constitutional queries posed by the United States Court of Appeals for the Fourth Circuit in *Sas v. Maryland,* 334 F. 2d 506 (4th Cir. 1964), were answered in depth) and more recently by Judge Watkins in an exhaustive opinion in *Sas v. Maryland,* 295 F. Supp. 389 (D. Md. 1969).

As early as 1956, several years after Patuxent Institution was in operation with its program for retention and, if possible, treatment of defective delinquents, this Court in *Eggleston v. State,* 209 Md. 504, 121 A. 2d 698 (1956), held that the proceedings under the Defective Delinquent Act, Article 31B, were civil in nature and not criminal or penal. This proposition has been affirmed in numerous cases, *Sas v. Maryland, supra; Director v. Daniels, supra; McCloskey v. Director,* 245 Md. 497, 226 A. 2d 534 (1967); *Hall v. Director,* 245 Md. 687, 226 A. 2d 669 (1967); *Mastromarino v. Director,* 244 Md. 645, 224

A. 2d 674 (1966); *Wise v. Director,* 1 Md. App. 418, 230 A. 2d 692 (1967), to cite but a few.

The paramount issue raised by the appellant is that his re-determination hearing should be surrounded with all the due process safeguards identified with a criminal proceeding. In view of the authority which we have cited it is readily apparent that this is not required. In *Sas v. Maryland,* 334 F. 2d 506, the Court stated that Article 31B, "* * * places around the accused more procedural safeguards than any of the Acts of a similar nature which have been upheld by the courts against attack. * * *." *Id.* at 515, and that all that was required to satisfy the delinquent's constitutional rights were safeguards which "* * * result in basic fairness of procedure imposed upon the state by the fourteenth amendment. * * *." *Id.* at 516.

The appellant also contends that the examination involved prior to the redetermination hearing violates his constitutional immunity against self-incrimination. This and many similar objections, having to do with his rights guaranteed under the fifth and sixth amendments of the United States Constitution, raised by the appellant's petition were previously answered in *Wise v. Director, supra,* wherein the Court of Special Appeals stated:

> "The first two contentions endeavoring to invoke the protection of the *Miranda* decision must be denied for additional reasons. At the outset, it must be observed that the psychological and psychiatric examinations that are performed at Patuxent are not accusatorial stages of a criminal proceeding and do not constitute the type of "in-custody" interrogation with which the Supreme Court was concerned in *Miranda.* Furthermore, the purpose of the stage of the defective delinquent proceeding that is being attacked herein is not to determine or to gain evidence to prove that the subject has committed a crime, but rather to discover the inmate's mental and emotional condition. Defective delinquency proceedings are civil in nature, *Director v. Daniels,* 243 Md. 16 (1966), and as the applicant's statements did not subject him to criminal liability, there is no constitutional infirmity in the manner in

which the examination at Patuxent was conducted, *McCloskey v. Director,* 245 Md. 497. And a person undergoing examination at Patuxent has no absolute right to remain silent. *State v. Musgrove,* 241 Md. 521.

"We have studied carefully the Supreme Court's recent decision in *Specht v. Patterson,* 386 U. S. 605, 18 L.Ed.2d 326 (April 11, 1967), and we conclude that the applicant's examinations at Patuxent did not offend standards of due process as enunciated in that decision." *Id.* at 421-422.

See also *State v. Musgrove,* 241 Md. 521, 531-532, 217 A. 2d 247 (1966).

The appellant likewise complains of the use of records of criminal convictions wherein he was not represented by counsel and the records of unadjudicated charges as the basis for forming expert opinion concerning his status as a defective delinquent. Again, emphasizing that the redetermination hearing is a civil proceeding and the use of such records, if they be used at all, would be by qualified experts for the purpose of evaluating the accused, we feel that without more specificity, we cannot, nor should we, decide this question abstractly.

The appellant contends that discovery should be available to him, prior to his hearing date, of the records, documents and files in the hands of the authorities at Patuxent Institution. The short answer to this query is found in *McCloskey v. Director, supra,* wherein this Court stated:

"\* \* \* for in addition to the specific statutory safeguards, the defendant 'has available to him all discovery procedure permitted under the Maryland Rules in civil cases, which is much broader than in criminal cases, including the taking of depositions, the use of interrogatories and the demands for admissions of facts.' *Daniels v. Director,* 243 Md. at 44, 221 A. 2d at 413. The Maryland Rules (Rules 400-425) make clear that discovery procedures are available to the party personally, at least where he is not represented by an attorney of record." *Id.* at 505.

The relief requested by appellant under Miscellaneous #3918 wherein he seeks a permanent injunction commanding the appellees to expunge their records of all prior psychiatric and psychological examinations and reports pertinent to him, is predicated on the theory that such records constitute a violation of his constitutional guarantee against self-incrimination, his right to confrontation of witnesses and the assistance of legal counsel. We have already answered such constitutional challenges made upon the Act (Code Art. 31B) in what we have heretofore stated in this opinion, and to the authorities already cited we would add, *Gray v. Director*, 245 Md. 80, 224 A. 2d 879 (1966); *Murel v. Director,* 240 Md. 258, 213 A. 2d 576 (1965); *Blakney v. Director,* 239 Md. 704, 211 A. 2d 734 (1965); *Blann v. Director,* 235 Md. 661, 202 A. 2d 722 (1964).

Finally, as was stated by the lower court, and what has been obvious from the beginning of this opinion, the petitions for mandamus and ex parte injunctive relief were untimely and insufficient in law to support the relief requested. A similar request for preredetermination injunctive relief was denied by Chief Judge Rozzel C. Thomsen in the United States District Court for the District of Maryland in *Morris Anglin v. Hon. Joseph R. Byrnes and Hon. Charles E. Moylan, Jr.,* civil No. 18651, decided September 27, 1967, wherein Judge Thomsen stated:

> "Plaintiff is not entitled to the relief requested. Plaintiff may challenge by appropriate objections in the defective delinquency proceedings the validity of the procedures and legal principles to be applied therein. He cannot be permitted to bypass the orderly presentation of his contentions * * *."

For the reasons stated in this opinion we think the appellant failed to show any "clear legal right" of which he has been deprived nor any "imperative duty" on the appellees to comply with his demands for relief and that the judgments of the lower court, sustaining the demurrers without leave to amend, should be affirmed.

*Judgments affirmed, appellant to pay costs.*