## MORRIS T. WOOD *v.* DIRECTOR, PATUX-
## ENT INSTITUTION

[No. 45, September Term, 1969.]

*Decided January 28, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*William R. Leckemby* for applicant.

*Francis B. Burch, Attorney General,* and *Robert S. Rothenhoefer, State's Attorney for Frederick County,* for respondent.

PER CURIAM.

This Court has heretofore reviewed the present application for leave to appeal from an order of Judge Robert E. Clapp, Jr., sitting in the Circuit Court for Frederick County, denying applicant's petition for relief under the Uniform Post Conviction Procedure Act. See

*Wood v. Director,* 5 Md. App. 289. We remanded the case to enable the lower court to determine whether a plea of *nolo contendere* and a sentence of imprisonment thereafter constituted a "conviction" within the meaning of Md. Code, Art. 31B, § 6, in view of the provision in Md. Rule 723 c, which authorizes the acceptance of such a plea and the imposition of sentence "as on a plea of guilty, but without finding a verdict of guilty."

In accordance with our mandate, Judge Clapp conducted a hearing at which counsel for the applicant and the State submitted arguments. Thereafter, Judge Clapp filed a well reasoned opinion in which he concluded, and we agree, that an individual "has been convicted and sentenced * * * for a crime or offense" within the meaning of Md. Code, Art. 31B, § 6, when he has been sentenced by a trial court upon a plea of *nolo contendere.*

Accordingly, the application for leave to appeal will be denied for the reasons set forth in Judge Clapp's Memorandum and Order, dated December 14, 1967, and his Opinion and Order, dated November 16, 1968.

*Application denied.*

Opinion and Order of the Circuit Court for Frederick County (CLAPP, J.) :

In this Petition for Post Conviction relief the Court of Special Appeals has indicated in its Per Curiam Opinion in 166 September Term, 1967, *Morris T. Wood v. Director, Patuxent Institution,* that the issues raised by the applicant were fully dealt with in the previous decision of this Court and that, "ordinarily, the application for leave to appeal would be denied for the reasons set forth in the lower court's Memorandum." However, the case has been remanded for the following purpose:

> "Since Section 6 of Article 31B of the Annotated Code of Maryland would appear to make conviction for a crime or offense as defined therein, a prerequisite to activating the defec-

tive delinquency proceedings contemplated by the Statute, the case will be remanded for a finding by the lower court of the effect, if any, that the acceptance of the applicant's plea of *nolo contendere* may have upon the validity of his confinement in Patuxent Institution."

This point was not raised by the applicant in his previous application for leave to appeal from an initial finding of defective delinquency, *Wood v. Director, Patuxent Institution*, 243 Md. 731, nor in his Petition for Post Conviction relief in this case but the record discloses that he was sentenced to a term of three (3) years confinement by the Circuit Court for Frederick County (Schnauffer, C.J.) after an acceptance of a plea of *nolo contendere* to a charge of assault and battery.

The mandate of the Court of Special Appeals requires an interpretation of Section 6 of Article 31B of the Code providing for defective delinquency proceedings if a person, "has been convicted and sentenced in a court of this State for a crime or offense committed on or after June 1, 1954," coming under one or more specifically designated categories of crime. There is no question that the crime for which the applicant was sentenced is within one of these categories and the sole question is whether he has been "convicted and sentenced" within the meaning of the Statute.

Argument has been heard from the State's Attorney for Frederick County and counsel for the applicant and no case has been found that is specifically in point on the facts, possibly because the Maryland Defective Delinquency Statute is unique in this country. However, there are numerous analogies.

In *Fellner v. Bar Association of Baltimore City*, 213 Md. 243, a question dealing with disbarment of an attorney after a sentence based upon a plea of *nolo*, the question here raised was not decided because in the disbarment proceedings, the Bar Association proved facts showing guilt and did not rely solely upon the criminal sentence.

In *Cohen v. State*, 235 Md. 62, 200 A.2d 368, Cert. Den., 379 U. S. 844, 13 L.Ed.2d 49, 85 S. Ct. 84, the effect of a plea of *nolo* was discussed but, here again, the issue in this case was not dealt with.

In 48 Opinions of the Attorney General 294, a question was presented as to the authority of the Board of Medical Examiners of this State to revoke a license to practice medicine of a physician who had been sentenced after a plea of *nolo* upon charges of violations of the Federal Food, Drug and Cosmetic Act. The Maryland Statute involved was Section 145 of Article 43 of the Code (1957 Ed., as amended) permitting revocation upon "conviction of a crime involving moral turpitude or unprofessional or dishonorable conduct * * *." The Attorney General held that under federal law, sentence after a plea of *nolo* amounts to a conviction and, therefore, revocation of the license was authorized. He pointed out that Section 145 makes "conviction of crime" rather than "guilt of crime" a basis for revocation.

The law of Maryland relating to sentence after a plea of *nolo* was discussed in 25 Md. Law Review 227, and the author points out that in *U. S. v. Reisfeld*, 188 Fed. Supp. 631 (Md. 1960), Chief Judge Thomsen stated at page 632, "It is generally held that a plea of *nolo contendere* followed by a judgment, amounts to a conviction."

Thereafter, the author, after referring to Maryland Rule 723 prophesies,

> "Although the Rule does not specifically state whether the entry of a nolo plea is a conviction, it appears that since the plea is an implied conviction of guilt, subjects the defendant to punishment, and otherwise has the same effect as a conviction under a guilty plea or a conviction after trial, Maryland would consider the entry of a plea a conviction."

Other states have reached a similar conclusion under

statutes relating to disbarment of attorneys, revocation of probation proceedings and impeachment of witnesses. The cases are collected in 89 A.L.R. 2d 540, and there are earlier annotations in 24 A.L.R. 1290 and 81 A.L.R. 1100. It would serve no useful purpose to discuss the various out-of-state decisions. They indicate that in at least a majority of jurisdictions where the statute predicates action in other proceedings outside the criminal case upon "conviction" rather than "guilt," judgment upon a plea of *nolo* amounts to a conviction as stated by Chief Judge Thomsen in *U. S. v. Reisfeld, supra.*

It is to be noted that in defective delinquency proceedings there is no issue as to guilt or innocence of any crime or crimes of which the person involved has already been convicted. As stated by the Court of Appeals (Brune, C.J.) in *Blizzard v. State,* 218 Md. 384, 390, "conviction and sentence for a crime are historical facts which are prerequisites to the examination leading up to the commitment proceedings, * * *". Thus, the fact of conviction and sentence but not the facts supporting the conviction and sentence forms the jurisdictional basis for such proceedings. Under the majority rule above stated, the fact of conviction and sentence is supported by proof of judgment and sentence after a plea of *nolo contendere.*

For the reasons above set forth and for the reasons stated in the Opinion and Order of this Court dated December 14, 1967, it is this 15th day of November, 1968, by the Circuit Court for Frederick County, ORDERED that the Petition for Post Conviction relief be and it is hereby denied.