Samuel GEE, Petitioner,

v.

DIRECTOR, PATUXENT INSTITUTION, Respondent.

No. 75–1359.

United States Court of Appeals, Fourth Circuit.

Submitted March 27, 1975.

Decided April 14, 1975.

represent him; and that (2) his pending direct appeal of his conviction precludes his examination for defective delinquency because his conviction is not yet final. We conclude that Gee has no further effective state avenues by which to raise his claims and accordingly vacate the judgment of the district court.

Gee was convicted of storehouse breaking in the Criminal Court of Baltimore on March 26, 1974.[1] By order of that court, Gee was referred to the Patuxent Institution for examination as a possible defective delinquent pursuant to Article 31B, § 6(a) of the Annotated Code of Maryland. On July 10, 1974, Gee submitted a petition for a writ of habeas corpus to the state trial court raising the same claims he now seeks to present to the federal courts. The petition was denied without a hearing the next day. On appeal, the Court of Special Appeals dismissed for lack of jurisdiction, citing Hudson v. Superintendent, 11 Md.App. 253, 273 A.2d 470 (1971). Gee then filed the instant habeas corpus petition with the district court.

The district court dismissed Gee's petition because it considered that despite the denial of his state habeas corpus petition, he still had available remedies under the Maryland Uniform Post Conviction Procedure Act, Md.Ann.Code Art. '27, § 645A (1971 Repl.Vol.). We believe that the lower court erred. The Maryland Court of Special Appeals has expressly held that claims substantially identical to those tendered by Gee "do not, either directly or indirectly, challenge the legality of applicant's judgment of conviction and hence are not properly cognizable under the Uniform Post Conviction Procedure Act." Knox v. Director, Patuxent Institution, 1 Md. App. 678, 232 A.2d 824, 825 (1967) (footnote omitted); Towers v. Director, Patuxent Institution, 16 Md.App. 678, 299 A.2d 461, 463 (1973). The principle of exhaustion "does not require the doing

Samuel Gee, pro se.

Francis B. Burch, Atty. Gen., for respondent.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM.

This is an application for a certificate of probable cause to appeal an order of the district court dismissing a habeas corpus petition for failure to exhaust state remedies. Liberally construed, Samuel Gee's habeas corpus petition raises the following constitutional claims: (1) he was ordered to submit to an examination to determine whether he was a defective delinquent without being advised of his rights against self-incrimination and to have an attorney present to

1. A direct appeal was taken to the Court of Special Appeals, which affirmed the conviction on January 28, 1975. Gee v. State of Maryland, No. 338 (unreported per curiam). Gee has since filed a petition for certiorari to the Maryland Court of Appeals, which is currently awaiting disposition.

of a futile act," Ham v. State of North Carolina, 471 F.2d 406, 407 (4th Cir. 1973), and it appears obvious to us that any petition Gee were to file under the UPCPA seeking the relief he requests here would be dismissed under the rule of *Knox*. Accordingly, since Gee has sought relief in the state courts via habeas corpus and is foreclosed from utilizing the UPCPA, we conclude that he is entitled to present his claims to the district court for consideration on their merits.

A certificate of probable cause to appeal is granted, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.