ROCKY FLOYD ARBAUGH *v.* DIRECTOR,
PATUXENT INSTITUTION

[No. 1036, September Term, 1974.]

*Decided July 28, 1975.*

The cause was submitted on briefs to Moylan, Gilbert and Mason, JJ.

Submitted by *James F. Garrity, Assigned Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Donald R. Stutman, Assistant Attorney General, Warren B.*

*Duckett, State's Attorney for Anne Arundel County,* and *Joseph V. Reina, Assistant State's Attorney for Anne Arundel County,* for appellee.

GILBERT, J., delivered the opinion of the Court.

Rocky Floyd Arbaugh, appellant, was found by a jury in the Circuit Court for Anne Arundel County, to be a defective delinquent within the meaning of Md. Ann. Code art. 31B, § 5. From that determination Arbaugh sought leave to appeal to this Court, which leave was granted on February 3, 1975, and the case was transferred to the regular appeal docket.

In this Court the appellant strenuously argues that:

> "References to charges or [sic] homicide or murder pending against the Appellant at the time of his defective delinquent hearing, but not yet determined by a Court of law are prejudicial to the Appellant at the defective delinquent hearing, where these references were brought out in opening and closing statements by the state and/or elicited in testimony of expert witness at the defective delinquent hearing."

Md. Ann. Code art. 31B, § 5 provides:

> "For the purposes of this article, a defective delinquent shall be defined as an individual who, by the demonstration of persistent aggravated antisocial or criminal behavior, evidences a propensity toward criminal activity, and who is found to have either such intellectual deficiency or emotional unbalance, or both, as to clearly demonstrate an actual danger to society so as to require such confinement and treatment, when appropriate, as may make it reasonably safe for society to terminate the confinement and treatment."

Seizing upon the phrase "evidences a propensity toward

criminal activity", and the wording of *Weeder v. State,* 274 Md. 626, 337 A. 2d 67, wherein the Court of Appeals stated:

" . . . at a minimum the report of the staff should include relevant information from the study made by the social worker, a *summary of the inmate's prior arrests and convictions,* incident reports, disciplinary infractions, observations made by guards, fellow inmates and staff, . . ." (Emphasis supplied). (Footnote omitted).

the State suggests that the trial judge properly allowed the Assistant State's Attorney to advise the jury preliminarily, in opening statement, that the appellant was awaiting trial on a charge of murder of a fellow inmate, to make the same point during closing argument and that the trial court also properly allowed into evidence the Patuxent reports concerning that incident.

On cross-examination the appellant's attorney endeavored to demonstrate that the information concerning the slaying was obtained through guards from fellow inmates. What effect, if any, the fact that the information was obtained from fellow inmates, as distinguished from official personnel, had in minimizing, in the eyes of the jury, the prejudicial nature of the testimony is unknown. Nevertheless, if the above-quoted language from *Weeder* is read literally, evidence concerning the pending indictment is admissible. We decline so to read *Weeder.*

As we see it, the Court in *Weeder* used the phrase "prior arrests and convictions" in its conjunctive, not disjunctive, sense. The phrase simply means arrests upon which convictions have been grounded. In short, the Court used it as a synonym for "prior convictions". *See Middleton v. Director,* 235 Md. 623, 201 A. 2d 352 (1964), which holds that *prior convictions* are admissible in evidence in a defective delinquency case. Observations by Patuxent personnel or by other inmates, for that matter, of a person alleged to be a defective delinquent, may be noted in the institutional record that is admissible. *Weeder v. State, supra; Sas v. Maryland,* 334 F. 2d 506 (4th Cir. 1964). Although, as we

have stated, evidence of the alleged delinquent's prior criminal record, including convictions without benefit of counsel, have been held to be admissible, *Chambers v. Director*, 244 Md. 697, 223 A. 2d 774 (1966),[1] we have been directed to no case other than *Weeder*,[1a] nor have we found one, that holds evidence of "prior arrests" is admissible nor have we found any case holding that a pending criminal charge against the person alleged to be a defective delinquent within the meaning of the statute, is admissible.

We think that evidence relative to the fact that there is a pending criminal charge should be deleted from the record before it is offered into evidence. The pendency of a criminal charge may tend to prejudice the jury. Institutional misconduct, which is admissible, may be viewed in one light, but indictments and other pending criminal charges are usually seen in a more ominous perspective.

The State also argues in its brief that the admission of the evidence relative to the pending murder charge was "harmless error". We disagree. To demonstrate the impact that we think the testimony must have had on the jury, we quote from the opening and closing statements of the Assistant State's Attorney who tried the case on behalf of the State. In his opening statement, he said:

" . . . [W]hile awaiting trial, it is alleged and he [appellant] has not been convicted of this . . . it's simply an allegation, he was indicted for murder of an inmate . . . again, he allegedly utilized a knife in this murder [2] and the victim died in July and additionally, he stabbed a guard with a knife."

In his closing argument, the Assistant State's Attorney quoted from the report of the independent psychiatrist who

---

**1.** We express no opinion as to whether such a holding is still viable in the light of Burgett v. Texas, 389 U. S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967) and United States v. Tucker, 404 U. S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972).

**1a.** *But see* McDonough v. State, *infra,* where the Court seemed to recognize but not decide the issue.

**2.** The appellant was incarcerated initially as the result of an attempted murder.

had been appointed by the court at the request of the appellant's erstwhile attorney.[3] That report in pertinent part said:

> " 'It is easy to envision how he would become involved in aggressive incidents which the patient would perceive as self-defense.' "

The Assistant State's Attorney then went on to say:

> " . . . And shortly after this was written, a man was murdered. He was stabbed repeatedly. And while there is no guilt of that *yet* attached to the defendant, there has been enough evidence by [sic] the Grand Jury to return an indictment against him [appellant] charging him with first degree murder. What could have been a greater forecaster of what is going to happen than that one sentence, 'It is easy to see how he would perceive such a situation as requiring defense.' *It didn't require defense. He was the aggressor. He was the one charged* and, indeed, the guard whom he stabbed is also a party to this action [sic]." (Emphasis supplied).

For us to declare, in the face of such an argument, that the admission of the evidence relative to the appellant's alleged murder of a fellow inmate was "harmless beyond a reasonable doubt" defies common sense.

The general rule is that evidence of pending criminal charges is not admissible in either a criminal or civil case. 3A *Wigmore on Evidence* § 980 a (J. Chadbourn rev. 1970) declares:

> " . . . In some courts attention is given to distinguish a conviction of misconduct from a mere *accusation of misconduct*. Where this is done, it follows that a mere *arrest* or *indictment* will not be allowed to be inquired after; since the fact of arrest or indictment is quite consistent with innocence,

---

3. The attorney who requested the report was not the present counsel.

and since the reception of such evidence is merely the reception of somebody's hearsay assertion as to the witness' guilt. To admit this would involve a violation both of the hearsay rule and of the rule forbidding extrinsic testimony of misconduct.

The only possible ground for allowing the extraction of such facts is that the merely having been arrested or charged is a disgraceful situation which indicates something lacking in the witness' respectability of character. Such a notion is quite consonant with social ideas in England, at least in a former generation; accordingly we find the fact of arrest on indictment is there treated (and indeed assumed without question) as relevant, in the rulings of the early 1800s. But this notion has no sound justification, and it carries the injustice of subjecting the witness to suspicion without giving him an opportunity to clear it away.

*It should be understood by all courts that the only relevant circumstance is actual conduct, i.e., the fact, not the mere charge, of having misbehaved. If it is improper to attempt to prove this by extrinsic testimony on the stand, it is doubly improper to attempt to prove it by hearsay, and trebly improper when accompanied by a prohibition of any rebuttal of the hearsay by the witness or by others on his behalf: . . .*" (Footnotes omitted). (Emphasis supplied).

*See also* 2 *Wharton's Criminal Evidence* §§ 477, 482 (13th ed. C. Torcia 1972).

Maryland follows the general rule, and it is beyond question that a pending charge against an accused is not admissible into evidence in a criminal trial. *Niemoth v. State,* 160 Md. 544, 154 A. 66 (1931); *Duffy v. State,* 151 Md. 456, 135 A. 189 (1926); *McLaughlin v. State,* 3 Md. App. 515, 240 A. 2d 298 (1968). Similarly, it has been held by the Court of Appeals that such evidence is not admissible in a civil

case. *See Bonaparte v. Thayer,* 95 Md. 548, 52 A. 496 (1902) wherein the Court said:

" . . . Whatever may be the law elsewhere, the Courts of this State have always recognized the distinction pointed out in 1 *Greenleaf on Ev.* (16 ed.) sec. 461, between actual misconduct, itself, and the charge of misconduct; and have excluded the latter. It is unquestionably a misfortune for a man to be indicted, but that fact alone is not always equivalent to guilt. An entirely innocent person may be the victim, and it would be a gross injustice, to permit what is only a charge of misconduct, to be used to the prejudice, if not the ruin, of his good character. Especially would this be so, in a case like this where the charge was practically abandoned by the State. [4] In *McLaughlin v. Mencke,* 80 Md. 88, the Court said that anything that would throw light on the credibility of the witness, may be offered. A mere indictment cannot do this, from the fact, that it cannot be questioned that a mere charge, un-sustained by proof, does not have such an effect. This seems to be the view generally accepted by the Courts in most jurisdictions. *People v. Gay,* 7 N. Y. 378; *Jones on Ev.,* sec. 870; *Rapalje on Law of Witnesses,* p. 336, sec. 201, where the authorities are collected." 95 Md. at 559-60.

The same reasoning has been employed by a number of other jurisdictions. *See, e.g., People v. Hoffman,* 399 Ill. 57, 77 N.E.2d 195 (1948); *People v. Morrison,* 195 N. Y. 116, 88 N. E. 21, 133 Am. St. Rep. 780, 16 Ann. Cas. 871 (1909); *Adams v. State,* 18 Ala. App. 524, 93 So. 292 (1922). *See also Michelson v. United States,* 335 U. S. 469, 69 S. Ct. 213, 93 L.

---

4. It would appear from the appellant's brief that the appellant was charged along with another inmate who was subsequently convicted of the crime, and the charges against the appellant have been "dropped" by the State. We are not informed as to why the charges were dropped. The posture of the case bears a striking similarity to Bonaparte v. Thayer, *supra.*

Ed. 168 (1948); and the cases collected in Annot., 20 A.L.R.2d 1421 (1951).

A defective delinquency proceeding is a civil case. *McDonough v. State*, 253 Md. 547, 253 A. 2d 517 (1969); *Director v. Daniels*, 243 Md. 16, 221 A. 2d 397 (1966); *Bush v. Director*, 22 Md. App. 353, 324 A. 2d 162, *cert. denied sub nom Mazan v. Director*, 272 Md. 745 (1974). The rule of *Bonaparte v. Thayer, supra,* therefore is both apposite and dispositive.

Thus we reverse the judgment of the circuit court for the reason that, to allow into evidence the fact that a person has been indicted for a particular offense is to permit the use of the rankest type of hearsay. Not only is an indictment an accusation, but it is mere opinion grounded on *ex parte* evidence.

Fundamental to our system of law is the credo that a person is presumed innocent until he is proven guilty. *In re Winship*, 397 U. S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970). It is impermissible to use in a criminal or civil trial evidence or argument that a litigant has been "indicted", because such use debases and degrades the litigant and simultaneously distorts the issue. Consequently, such impermissible evidence or argument is in conflict with our dogma of presumption of innocence.

In view of our holding it is unnecessary for us to discuss the other two attacks made on evidentiary rulings by the trial court.

> *Judgment reversed.*
> *Case remanded for a new trial.*